# N. Y. SUPERIOR COURT.

RICHARD A. CUNNINGHAM agt. WILLIAM WHITE and JOHN T. CONOVER.

A plaintiff may, with or without the consent of the defendants, *discontinue* an action, but he cannot thereby, unless assented to by the defendants, deprive them of any rights which they then possessed.

Where one of two defendants, in an action asking for an injunction against them, is served with the summons and complaint, but does not appear in the action, and the action is discontinued by consent of the attorneys for the respective parties, on payment of costs, but without the knowledge or consent of said defendant who did not appear, and the undertaking executed therein canceled :

*Held*, that the rights of the defendant, who did not appear, were not affected by such discontinuance, and the order canceling the undertaking was a nullity, and that upon entering the order of discontinuance he had an immediate right of action upon the undertaking, it appearing that his rights and interests were diverse and separate from the other defendant.

An undertaking, although joint as to the obligors or sureties, is not necessarily joint as to the persons to or for whose benefit it is given. If their interests are joint, then the right of action upon the undertaking is joint; but where such interests are several, the right of action is also several.

Where the non-joinder of parties is alleged in the answer, which is apparent on the face of the complaint, by not demurring the objection is waived.

*Special Term, June,* 1873.

*Demurrer argued June 23d, and decision of court rendered June 30th,* 1873.

DEMURRER to defenses in an answer.

This was an action upon an undertaking given upon procuring an injunction.

Cunningham agt. White.

The complaint set up the bringing of an action against the plaintiff Cunningham and another, the procuring by the plaintiff in that action of an injunction against the defendants therein, the service of the injunction upon such defendants, and the execution in that action of the usual undertaking by the defendants in this action as sureties, annexing a copy of the undertaking. It further set up that the court finally decided that the plaintiff in that action was not entitled to the injunction; that the plaintiff in this action was injured by being enjoined, showing specifically the nature of the injury and amount of damage.

The answer was divided into paragraphs; the first of which admitted the bringing of the action, the obtaining and serving of the injunction, giving a copy; the second paragraph admitted that in a certain action proposed to be commenced, the undertaking, a copy of which was annexed to the complaint, was given, but alleged that no injunction was ever made in said proposed action; the third paragraph denied that the court ever finally decided that the plaintiff on the action was not entitled to the injunction, and alleged that Cunningham, though personally served with the summons and complaint, never *appeared, answered or demurred;* and that the plaintiff in said action was and is entitled by default to judgment of injunction; that the said action was never tried, and no judgment ever rendered; that an order, of which a copy is given, was duly made in the action (this order sets forth that upon the consent of the attorneys for the respective parties, the defendants' costs having been paid, the action was discontinued, and the undertaking given in the action was canceled); that the undertaking referred to in the order was thus annulled, and the parties thereto released from all liability; the fourth paragraph denies all the allegations of the complaint relative to the injuries to Cunningham by the service of the injunction; the fifth paragraph sets forth that the plaintiff in said action paid to the mayor, aldermen and commonalty eighty-six dollars in full satisfaction of the dam-

ages laid in the complaint; the sixth paragraph alleges that the undertaking complained on was not executed for the benefit of Cunningham individually, but jointly with the mayor, aldermen, &c., and John Duffy, and that they are necessary parties to this action; the seventh paragraph denies every other allegation of the complaint.

The plaintiff demurs to the matters contained in the second, third, fifth and sixth paragraphs of the answer.

CARLISLE NORWOOD, JR., *for plaintiff.*
JOHN M. SCRIBNER, JR., *for defendants.*

MONELL, *J.*—This action is upon an undertaking given by the defendants in behalf of the Dry Dock, East Broadway and Battery Railroad Company, on obtaining an injunction in an action by such company against the mayor, &c., of New York, and Cunningham the plaintiff.

The complaint alleged that in said action it was decided that said company was not entitled to the injunction.

The defendants, in the "second" paragraph of their answer, allege, in substance, that the undertaking, a copy of which is annexed to the complaint, was executed in a proposed action, in which the railroad company was plaintiff, and the mayor, &c., of New York, said Cunningham and one Duffy were defendants; but "that said proposed action was never actually commenced, and no injunction or injunction order was ever obtained or granted therein."

This allegation is sufficient in substance to constitute a defense. If the injunction in suit was, as alleged, given in an action never actually commenced, it became a nullity, and could not, without a fresh assent of the sureties, be used as a security or for the purpose of procuring an injunction in another or a different action. The fact alleged is issuable, and, therefore, not demurable.

In the "third" paragraph of the answer the defendants deny that the court ever finally decided that the plaintiffs,

the railroad company, was not entitled to the injunction; and they "allege that, although the summons and complaint were personally served on the said Cunningham, he never appeared in the action or answered the complaint; and that, as to him, the plaintiff (in said action) was and is entitled to an absolute judgment by default and an absolute injunction." It is then further alleged "that the said action was never tried, but was *discontinued* by an order of the court, upon the consent of the attorneys for the respective parties." The order of discontinuance further provided "that the undertaking given on behalf of the plaintiff to obtain the injunction be and the same is hereby canceled."

The consent upon which the order of discontinuance was made did not include the defendant Cunningham; and as to him, therefore, it was inoperative, so far as it could be deemed to affect any right he then had. A plaintiff may, with or without the consent of the defendants, discontinue an action; but he cannot thereby, unless assented to by the defendants, deprive them of any rights which they then possessed.

Cunningham had been served and had ·not appeared. He was not therefore entitled to notice of the application for leave to discontinue. Nevertheless, without notice, it was not in the power of the court to cancel the undertaking as to him, and thus shut him off from any claim for damages he might have under it.

Although the discontinuance was without prejudice to any rights which Cunningham had acquired in the action, it was, nevertheless, a final adjudication of the action, and gave to Cunningham an immediate right of action upon the undertaking (*Carpenter* agt. *Wright,* 4 *Bosw.,* 655; *Pacific Mail S. S. Co.* agt. *Leuling,* 7 *Abb. N. S.,* 37).

It does not change the question of the sureties' liability that, by reason of Cunningham's failure to appear, the plaintiffs were entitled to an absolute injunction against him.

It is enough that they took no such judgment, and, by the

Cunningham agt. White.

discontinuance of the action, are now precluded from such a judgment.

I am of opinion, therefore, that the order canceling the undertaking was a nullity; and that, upon entering the order of discontinuance, Cunningham had an immediate right of action upon the undertaking.

The demurrer must be sustained as to the defense contained in the " third " paragraph of the answer.

In the " fifth " paragraph of the answer the defendants allege that, prior to the commencement of this action, the railroad company paid to the mayor, &c., defendants in that action, the sum of eighty dollars in full satisfaction and discharge of the damages mentioned in the complaint in this action, and of all damages sustained by the defendants in that action by reason of the injunction therein.

The undertaking was to pay the party enjoined such damages as he might sustain by reason of the injunction. Cunningham was the real, if not the only party to the action affected by the injunction. He was the contractor of the corporation, and was stopped in the prosecution of his work. The corporation was not a necessary, and hardly a proper party. The interests of the defendants were diverse and separate, and, therefore, their rights, under the security, were wholly separate.

An undertaking, although joint as to the obligors or sureties (*Perry* agt. *Chester*, 12 *Abb. N. S.*, 131), is not necessarily joint as to the persons to or for whose benefit it is given. If their interests are joint, then the right of action upon the undertaking would also be joint. But when such interests are several the right of action is also several. There was no union of interest between the corporation and Cunningham. Therefore, upon this undertaking, either could maintain an action in his own behalf.

From this, it follows that any payment to the corporation, although of damages by reason of the injunction, was not a

satisfaction of, nor did it in any manner affect, the separate rights of Cunningham.

The facts, therefore, as stated in the " fifth " paragraph of the answer, do not constitute a defense.

In the " sixth " paragraph of their answer the defendants allege that the undertaking was not for the benefit of the plaintiff, individually, " but jointly with the mayor, &c., and the said Duffy, who are necessary parties plaintiff in this action."

The insufficiency of this defense follows, from what is said of the " fifth " paragraph.

The obligation being several as to the parties enjoined, either may maintain a separate action.

Another answer to this portion of the answer is that the alleged non-joinder of parties was and is apparent on the face of the complaint. By not demurring the objection is waived (*Code*, § 147).

The demurrer must be overruled as to the " second " paragraph, and allowed as to the " third," " fifth " and " sixth " paragraphs of the answer.

No costs to either party, and the defendants to have leave to amend, and the plaintiffs to reply as they shall be advised.