In the Matter of the Transfer Tax upon the Estate of St. Clair McKelway, Deceased.

The Comptroller of the State of New York, Appellant; Virginia B. McKelway, Respondent.

Transfer tax — personal property owned by husband and wife as joint tenants — upon death of husband his undivided half interest therein passes to his wife and is subject to a transfer tax as if it had been bequeathed by will — the undivided half interest of the wife not taxable.

1. There is a joint ownership of personal property analogous to an estate in lands, but husband and wife do not take personal property as tenants by the entirety.

2. Where a husband and wife owned jointly certain securities which they delivered to a trust company to hold as custodian, pay them the income in *equal shares*, and, if the agreement should be in force at the death of either, to deliver and pay over the securities and any income thereon then on hand to the survivor, they owned the securities as joint tenants but not by the entirety.

3. Subsequent to the deposit of such securities and before the husband's death section 2204 of the Tax Law was amended (L. 1915, ch. 664) by providing that whenever intangible property is held in the joint names of two or more persons as joint tenants and payable to either or to the survivor upon the death of one of such persons, the right of the survivor to the immediate ownership or possession and enjoyment of such property shall be deemed a transfer taxable in the same manner as though the whole property to which such transfer relates belonged absolutely to the deceased joint tenant and had been bequeathed to the survivor by will. For the purposes of taxation the wife is deemed to have acquired the husband's interest in the joint property by his death and is taxable under this statute. As to the one-half the wife owned, she gained nothing by the death of the husband except the elimination of his interest and such one-half is not taxable. (*Matter of Pell*, 171 N. Y. 48, followed.)

*Matter of McKelway*, 176 App. Div. 929, reversed.

(Argued April 16, 1917; decided May 8, 1917.)

Appeal from an order of the Appellate Division of the Supreme Court in the second judicial department, entered

January 5, 1917, which affirmed an order of the Kings
County Surrogate's Court assessing a transfer tax upon
the estate of St. Clair McKelway, deceased.

The facts, so far as material, are stated in the opinion.

. *Marcus B. Campbell* for appellant.   A taxable trans-
fer was made on the death of the decedent, as to the prop-
erty described in the 7th and 8th paragraphs of the
appraiser's report. (L. 1915, ch. 664; *Matter of Schroeder,*
N. Y. L. J., March 20, 1912; *Matter of Wunsch,* N. Y.
L. J., Jan. 24, 1913; *Matter of Von Bermuth,* N. Y.
L. J., March 1, 1913; *Matter of Stebbins,* 52 Misc. Rep.
538; *Matter of Spring,* 75 Misc. Rep. 586; *Matter of
Pitou,* 79 Misc. Rep. 384; *Kelly* v. *Burns,* 194 N. Y. 49;
*Matter of Thompson,* 167 N. Y. 356; 215 N. Y. 702;
*Matter of Tilley,* 166 App. Div. 240; *Matter of Pell,* 171
N. Y. 48.)

*Edgar M. Cullen* and *Francis L. Archer* for. respond-
ent.   No tax can be legally imposed against Mrs. McKel-
way under chapter 664 of the Laws of 1915.   (*Matter of
Euston,* 113 N. Y. 174; *Matter of Vassar,* 127 N. Y. 1;
*Matter of Vanderbilt,* 172 N. Y. 69; *People ex rel. Hatch*
v. *Riordan,* 184 N. Y. 431; 204 U. S. 152; *Matter of
Keeney,* 194 N. Y. 281; 222 U. S. 525; *Bergmann* v. *Lord,*
194 N. Y. 70; *Matter of Pell,* 171 N. Y. 48; *Matter of
Lansing,* 182 N. Y. 238; *Matter of Slosson,* 216 N. Y.
79; *Matter of King,* 217 N. Y. 358.)   The death of one
joint tenant does not change the interest of the surviving
joint tenant, but merely extinguishes the interest of the
former in the property.   The power to revoke the trust
agreement reserved by the parties did not authorize
either of them .to vary their respective interests in the
property, but merely to discharge the trust company as
custodian. (1 Washb. on Real Prop. 470, § 14; *Matter of
Lansing,* 182 N. Y. 238; *Matter of Hoffman,* 161 App.
Div. 836; 212 N. Y. 604.)

Pound, J.   On November 24, 1913, St. Clair McKelway and Virginia B. McKelway, his wife, owned jointly certain securities consisting of corporate bonds, which they delivered to the Brooklyn Trust Company to hold as custodian, pay them the income *in equal shares,* and, should the agreement be in force at the death of either, to deliver and pay over the securities and any income thereon then on hand to the survivor.

At the time this agreement was entered into the interest in property which upon the death of one joint tenant passes by right of survivorship to his co-tenant was not in express terms subject to taxation and it has been held that in such cases the survivor takes, not under the laws regulating intestate succession, but under the conveyance or instrument by which the tenancy is created.   (*Matter of Klatzl,* 216 N. Y. 83; *Atty.-Gen.* v. *Clark,* 222 Mass. 291.)   Thereafter and before the death of Mr. McKelway additions were made to the joint property and then section 220 of the Tax Law (Cons. Laws, ch. 60) was amended by chapter 664 of the Laws of 1915, by the addition thereto of subdivision 7 which reads as follows:

" *Whenever intangible property is held in the joint names of two or more persons,* or as tenants by the entirety, or is deposited in banks or other institutions or depositaries in the joint names of two or more persons and payable to either or the survivor, upon the death of one of such persons the right of the surviving tenant by the entirety, *joint tenant* or joint tenants, person or persons, to the immediate ownership or possession and enjoyment of such property *shall be deemed a transfer taxable under the provisions of this chapter in the same manner as though the whole property to which such transfer relates belonged absolutely to the deceased tenant by the entirety, joint tenant or joint depositor* and had been bequeathed to the surviving tenant by the entirety, joint tenant or joint tenants, person or persons,

2

[221 N. Y.]        Opinion, per POUND, J.        [May,

by such deceased tenant by the entirety, joint tenant or joint depositor by will."

Mr. McKelway died on July 16, 1915, leaving a last will and testament by which he gave his wife all his property and named her executrix thereof. The will was duly admitted to probate. The transfer tax appraiser found that the joint property was taxable as though it had passed by the will. The surrogate relieved the joint property from taxation, holding that the only transfer thereof was consummated in the lifetime of the testator and that it was not taxable for the reason that where there is no transfer there is no tax, and a transfer made before the passage of the amendment was not affected by it. (*Matter of Lansing*, 182 N. Y. 238.) The Appellate Division affirmed the order of the surrogate by a divided court and the question for us to answer is whether the state may, by the express terms of a statute, impose a tax upon the joint property in which the deceased had an interest ceasing on his death to the extent to which a benefit accrues or arises to the survivor by the cesser of such interest, or whether the entire right of succession accrued prior to the amendment and no interest became vested in the survivor by reason of his death.

It has been said that this kind of ownership is "an object of disfavor" (*Overheiser* v. *Lackey*, 207 N. Y. 229, 233); on the other hand the tax laws are to be construed strictly. But the jurisdiction of the state to regulate and control the transmission of the property of the dead to the living is an attribute of sovereignty, far reaching, if not unlimited, in its possible extent over the privilege taxed. (*U. S.* v. *Perkins*, 163 U. S. 625.)

Mr. and Mrs. McKelway owned this personal property as joint tenants but not by the entirety. There is a joint ownership of personal property analogous to a joint estate in lands (*Overheiser* v. *Lackey*, 207 N. Y. 229, 236), but husband and wife do not take personal property as tenants by the entirety. (*Matter of Albrecht*, 136 N. Y.

1917.]                Opinion, per POUND, J.        [221 N. Y.]

91, 94.)   Joint tenants, by reason of the combination of entirety of interest with the power of transferring in equal shares, are said to be seized *per my et per tout*, or by the half *and* the whole, but tenants by the entirety are seized *per tout et non per my*, and the conveyance by either husband or wife will have no effect against the other if survivor.  (*Hiles* v. *Fisher*, 144 N. Y. 306.) Upon the vesting of an estate by the entirety, both tenants become seized of the whole estate and upon the death of one the survivor acquires no new or additional interest by survivorship.  (*Matter of Klatzl, supra.*) But joint ownership in personal property may be severed by the act of one in disposing of his interest.   If the interest of one joint owner passes to a third party he and the other joint tenant become tenants in common.   The doctrine of survivorship applies only if the jointure is not severed.   (Williams on Personal Property, pp. 302–306.)   The undivided half of this joint property which Mr. McKelway might have effectually disposed of at any time during his life never passed into the absolute ownership of his wife until her husband's death.   A transfer tax thereon does not diminish the value of a vested estate and is free from the objections to a tax on vested remainders and reversions as set forth in *Matter of Pell* (171 N. Y. 48) or to a tax on contingent remainders as set forth in *Matter of Lansing* (*supra*).

As to the one-half which Mrs. McKelway herself owned and had the right to dispose of, the rule of the *Pell* case must govern.   She gained nothing in regard thereto by the death of her husband except as the *jus accrescendi* eliminated his interest.   The right of the survivor of two joint tenants of personal property to the exclusive ownership thereof may be deemed a taxable transfer of one-half of the joint property but not to the whole.   It is taxable only to the extent of the beneficial interest arising by survivorship, which is, as we have seen, the accruer by survivorship of the whole instead of

the half.    To this extent it was a property right fully acquired only on survivorship, analogous to an interest created by a power of appointment under a will executed prior to the enactment of the law taxing transfers, and, therefore, one that could be cut down by the imposition of an excise tax after the joint ownership began.    (*Matter of Vanderbilt*, 50 App. Div. 246; 163 N. Y. 597.) The imposition of such a tax violates no contract for neither joint tenant agrees not to terminate the joint tenancy.    Mrs. McKelway had no contract with her husband as to the joint property which was not as ambulatory as a will to the last moment of Mr. McKelway's life and, for the purposes of taxation, she is deemed to have acquired his interest in the joint property by his death.

The order of the Appellate Division should be reversed, with costs in this court and Appellate Division, and the proceeding remitted to the Surrogate's Court for the purpose of imposing a tax in accordance with this opinion.

HISCOCK, Ch. J., CHASE, HOGAN, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Order reversed, etc.