In the Matter of the Transfer Tax upon the Estate of FRAZIER M. DOLBEER, Deceased.

THE COMPTROLLER OF THE STATE OF NEW YORK, Appellant; HANNAH L. DOLBEER, as Executrix, Respondent.

Appeal — question should not be certified on appeal from final order — tax — when whole of joint bank account subject to transfer tax.

1. Where permission to appeal to the Court of Appeals from an unanimous affirmance of a final order is granted by the Appellate Division, questions should not be certified.

2. When a joint bank account, in the name of husband and wife, payable to the survivor, was created subsequent to the passage of a statute providing for a transfer tax, the privilege of acquiring the entire property by right of succession may be subjected to the tax on the method of acquisition.

*Matter of Dolbeer (Estate)*, 186 App. Div. 963, reversed.

(Argued April 9, 1919; decided April 22, 1919.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered February 29, 1919, which unanimously affirmed an order of the Kings County Surrogate's Court assessing a transfer tax upon the estate of Frazier M. Dolbeer, deceased.

*Schuyler C. Carlton, Lafayette B. Gleason* and *Llewellyn A. Wray* for appellant.

*Edward S. Clinch* for respondent.

*Per Curiam.* This appeal presents the question: Is the entire amount of a joint bank account in the name of husband and wife, payable to the survivor, created subsequent to the taking effect of chapter 664 of the Laws of 1915, taxable on the death of the husband? An appeal from a final order is not an appeal where questions should be certified as provided by the Code of Civil Procedure (§ 190, subd. 3), and it is unnecessary to answer the question certified.

In *Matter of McKelway* (221 N. Y. 15) it was held that even when the joint account was created *prior* to the adoption of the statute, the transfer by survivorship was taxable to the extent of one-half the joint property. When the joint account is created *subsequent* to the adoption of the statute, the privilege of acquiring the entire property by the right of succession may be subjected to the tax on the method of acquisition. (*Matter of Vanderbilt*, 172 N. Y. 69, 73; *Matter of Keeney*, 194 N. Y. 281; 222 U. S. 525.) The right to take property by survivorship is the creation of law upon which the state may impose conditions (*Matter of Dows*, 167 N. Y. 227; *Matter of White*, 208 N. Y. 64, 67), if no vested or contract rights are thereby violated.

The record does not disclose who furnished the money which was deposited to the joint credit. Nothing indicates that the succession in this case was not donative in character (*Matter of Orvis*, 223 N. Y. 1, 7), and we may well reserve consideration of the application of the statute to a case where the survivor had previously acquired his interest for value.

The order of the Appellate Division should be reversed, with costs in this court and in the Appellate Division, and the proceeding remitted to the Surrogate's Court for the purpose of imposing a tax in accordance with this opinion.

HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, POUND, MCLAUGHLIN and ANDREWS, JJ., concur.

Order reversed, etc.