Matter of the Estate of CAROLINE A. BIGELOW, Deceased.

(Surrogate's Court, Orleans County, September, 1919.)

Transfer tax — what subject to — joint accounts — statutes — Tax Law, § 220(7).

Though decedent's daughter, her sole legatee and devisee, deposes that a deposit by her of her own funds in both their names payable to "either or survivor" was made for the sole purpose of providing funds that might be used by her mother in case of accident or emergency affecting the life or health of deponent, the full amount of the deposit, at the death of the

mother, is subject to a transfer tax under section 220(7) of the Tax Law, the joint account having been created since the enactment of said statute.

Proceedings upon a transfer tax appraisal.

Albert J. Coe, for executrix.

Charles G. Signor, for state comptroller.

Fluhrer, S. Decedent's daughter, sole legatee and devisee, Stella Bigelow, on January 9, 1918, deposited in the Manufacturers and Traders National Bank of Buffalo, in the name of "Stella Bigelow or Caroline A. Bigelow, either or survivor," the sum of $7,300.37. This amount was drawn from the private funds and accounts of Stella Bigelow on deposit in two other banks. The account in question had at the time of the death of the decedent, Caroline A. Bigelow, on July 2, 1918, increased to $7,447.10. The deposition filed by Stella Bigelow herein states that "said deposit was made for the sole purpose of providing funds that might be used by the said Caroline A. Bigelow in case of accident or emergency affecting the life or health of this deponent."

The question arises whether the amount mentioned is taxable under section 220, subdivision 7, of the Tax Law, the joint account having been created since the enactment of the above provision. There would seem to be no question but that the sum mentioned would be taxable if the deposit had been made by the decedent, Caroline A. Bigelow, but the question now arises whether it is taxable in view of the fact that the funds were not in whole or in part furnished by the decedent, but were furnished by Stella Bigelow. Although the statement is made in the deposition that "said moneys at the time of said deposit were

and all the time since have been and still are, together with the interest thereon, the sole property of this deponent '' (Stella Bigelow), I do not think that that statement is sufficient to bring this case within the decision in *Matter of Buchanan,* 184 App. Div. 237, where the deposit was made to the joint account of the original owner of the money and the decedent, who was the attorney for the owner. The intent of the parties in that case was that the attorney was not to have title, he being merely an agent of the person on whose behalf the deposit was made.

It is apparent from the deposition filed herein that the deposit was to become the property of the survivor. Counsel for Miss Bigelow has called attention to the opinion in *Matter of Dolbeer,* 226 N. Y. 623, in which the court said: '' The record does not disclose who furnished the money which was deposited to the joint credit.'' But the court in that case does not pass upon the question arising in the case at bar. It seems to me that the plain, unequivocal language of section 220, subdivision 7, of the Tax Law clearly covers the deposit made by Miss Bigelow. As there is no question as to the right of the legislature to make such a deposit taxable at death, I think that the full amount of such deposit is taxable as a taxable transfer.

Decreed accordingly.