Matter of the Transfer Tax upon the Estate of Francis Van Vranken, Deceased.

(Surrogate's Court, Albany County, January, 1920.)

**Transfer tax — savings banks — when joint account not taxable — order of exemption.**

When petitioner, a cripple, was over eighty years of age and otherwise unwell, he was the sole owner of a savings bank account, and in order that a neighbor might make withdrawals for petitioner and for no other purpose, the moneys were withdrawn and again deposited in the name of petitioner and said neighbor, to be drawn by either or the survivor. The bank book has always been held by petitioner and all deposits and withdrawals have been made by him. The neighbor died intestate leaving no estate and his wife and next of kin make no claim of ownership to the account or any part thereof. *Held,* that upon the facts shown, and not rebutted, any inference that the deposit was jointly owned was removed, and the application of petitioner, who is now eighty-nine years of age, for an

Misc.]      Surrogate's Court, Albany County, January, 1920.

order of exemption from the payment of a transfer tax on one-half of said account, granted as against the contention of the state comptroller.

APPLICATION for an order of exemption from the transfer tax.

Ambrose Jones, for petitioner.

Edwin L. Fowler, for state comptroller.

STALEY, J.   The petitioner, Giles T. Sutton, shows by his petition herein that he is and has been a resident of Leeds, town of Catskill, for more than thirty years past.   He is now eighty-nine years of age.   In March, 1913, he was the sole owner of a bank account in the Catskill Savings Bank, located in the village of Catskill, N. Y., which account was represented by bank book No. 40063.   At that time he was a cripple and otherwise unwell and the journey from his residence at Leeds to the bank in Catskill, where his money was deposited, was hard and difficult because of his age and physical infirmities.

Francis Van Vranken, in March, 1913, was the pastor of the Protestant Reformed Church at Leeds and was a neighbor and friend of the petitioner.   The petitioner was unable to write well and he had no person residing with him who was able to prepare drafts upon the bank to enable him to withdraw money to meet his needs; and in order that his neighbor, Van Vranken, might draw money from the bank for the petitioner, and for no other purpose, the petitioner, on March 5, 1913, went to the savings bank and drew therefrom all of the moneys to the credit of his account No. 40063 and deposited it in the name of Giles T. Sutton and Francis Van Vranken, to be drawn by either or the survivor, which deposit was represented by book No. 40722.

This bank book has ever since been in the possession

of the petitioner; was never delivered to Van Vranken for any purpose; all deposits made to its credit and all withdrawals therefrom were made by the petitioner, who alleges that " from said fifth day of March, 1913, until the present time, your petitioner was the sole owner of said bank book and of all moneys represented thereby and of all the interest that has accrued thereon and is the sole and absolute owner of the same."

Francis Van Vranken, subsequent to March, 1913, removed from Leeds to the city of Albany, where he died on the 5th day of December, 1918, on which date the sum of $1,439.96 was on deposit in the bank to the credit of said joint account. He left no estate and no representative has, therefore, been appointed and his widow and next of kin make no claim of ownership to said account or any part thereof.

The petitioner prays for an order exempting said bank account from tax under the act in relation to taxable transfers.

The allegations of the petition are uncontroverted and therefore constitute due proof of the facts therein stated. Code Civ. Pro. § 2546.

The right of a surrogate to entertain an application to have a transfer declared exempt from taxation has been sustained under section 228 of the Tax Law. *Matter of Kidd,* 115 App. Div. 205.

The state comptroller appears herein in opposition to the exemption from tax and urges that said account is taxable as a transfer to the extent of one-half thereof.

The question raised by this application involves an examination of the various statutes and the decisions thereunder relating to taxable transfers in so far as joint bank accounts are concerned.

In *Matter of Tilley,* 166 App. Div. 240; affd., 215 N. Y. 702, the court construed the legislative intent

under the Banking Law, section 144, chapter 10 of the Laws of 1909 and under the Tax Law, section 220, as amended by chapter 732 of the Laws of 1911, and giving effect to both, held that the interest of the survivor in a joint bank account was not subject to taxation. The court, at the end of its opinion, added this significant statement: " If the Legislature deems such dispositions of property to be properly taxable that is a question which may be dealt with in the proper department, but this court has no power to enlarge upon the scheme of tax laws."

Notice was thus given to the taxing authorities that the then existing statute was inadequate to impose such a tax and suggestion made that the legislature had the power to make it effective. This decision, rendered in January, 1915, like many decisions of the courts, became the moving factor for the exercise of legislative power in the enlargement of the taxing power to reach joint bank accounts and render the ultimate owner, the survivor, subject to taxation, and subdivision 7 was added to section 220 of the Tax Law by chapter 644 of the Laws of 1915. This subdivision provides as follows: " Whenever property is held in the joint names of two or more persons, or as tenants by the entirety, or is deposited in banks or other institutions or depositaries in the joint names of two or more persons and payable to either or the survivor, upon the death of one of such persons the right of the surviving tenant by the entirety, joint tenant or joint tenants, person or persons, to the immediate ownership or possession and enjoyment of such property shall be deemed a transfer taxable under the provisions of this chapter in the same manner as though the whole property to which such transfer relates belonged absolutely to the deceased tenant by the entirety, joint tenant or joint depositor and had been

Surrogate's Court, Albany County, January, 1920.    [Vol. 110.

bequeathed to the surviving tenant by the entirety, joint tenant or joint tenants, person or persons, by such deceased tenant by the entirety, joint tenant or joint depositor by will.''

It may be noted that this subdivision comes within the scope of the tax levying power of the following provision of section 220, to wit, ''A tax shall be and is hereby imposed upon the transfer of any tangible property within the state and of intangible property, or any interest therein or income therefrom, in trust or otherwise, to persons or corporations in the following cases, subject to the exemptions and limitations hereinafter prescribed,'' and that subdivision 7 declares that the right of a survivor to a joint bank account and the possession and enjoyment of such property '' shall be deemed a *transfer* taxable under the provisions of this chapter in the same manner as though the whole property to which such *transfer* relates belonged absolutely to the deceased tenant * * * and had been bequeathed to the surviving tenant.''

It seems clear, under the facts here, that between Sutton, the survivor, and Van Vranken, who was made the joint tenant of this account as a matter of agency for Sutton and for his convenience, that the sole ownership of the fund was at all times vested in Sutton and by the death of Van Vranken no bounty or benefaction accrued by *transfer* to Sutton.

In *Matter of McKelway,* 221 N. Y. 15, it appeared that in 1913 McKelway and his wife owned jointly certain securities which were delivered to a trust company to hold as custodian, pay them the income *in equal shares* and, if the agreement was in force at the death of either, to deliver the securities and accrued income to the survivor. McKelway died in 1915 and the agreement was in force at the time of his death.

The court held that, for the purpose of taxation, the wife is deemed to have acquired the husband's interest in the joint property by his death and is taxable under subdivision 7 of section 220 of the Tax Law and that as to the one-half that the wife owned, she gained nothing by the death of her husband except the elimination of his interest, and such one-half is not taxable.

Thereafter, the *McKelway* case was generally used by the state comptroller, independent of the facts and circumstances relating to the creation of the joint account, or the rights existing between the joint tenants, as an authority justifying the taxation of such an account created prior to the enactment of subdivision 7 of section 220 of the Tax Law to the extent of one-half, and the provisions of the statute as the authority to tax joint accounts created subsequent to the enactment of the statute to the extent of the whole amount thereof.

In *Matter of Orvis*, 223 N. Y. 1, the court held a surviving partner liable to tax to the extent of the benefit, which was one-half, received by him under the terms of an agreement made in 1911, which created from the profits of the partnership two accounts intended to provide the capital for the continuation of the business of the firm by the survivor in the event of the death of either and which transferred to the survivor sole ownership in said funds. The opinion in this case clearly and forcibly presents the legislative intent as expressed in the operation of the taxing power conferred by the enactment relating to taxable transfers and, at page 7, said: " The meaning of that enactment must be ascertained from the context and the object sought to be accomplished by the statute. The statute was not intended to restrict or burden the right of persons to transfer property in all legitimate ways and for all the usual and manifold purposes and objects of

Surrogate's Court, Albany County, January, 1920.   [Vol. 110.

trade, commerce and purchase, or of voluntary trans-
fers or gifts not made in contemplation of the death of
the transferor or intended to take effect in possession
or enjoyment after such death.   It was intended to tax
all *transfers* which are accomplished by will, the intes-
tate laws of this state, and those made or incepted prior
to the death of the transferor in contemplation of or
intended to take effect in possession or enjoyment after
his death which are in their nature and character
instruments or sources of bounty or benefaction and
which can be classed as similar in nature and effect
with transfers by wills or the intestate laws, because
they accomplish a transfer of property, donative in
effect, under circumstances which impress on it the
characteristics of a disposition made at the time of the
transferor's death.   In all cases in which the value of
the consideration for the property transferred, under
the statutory conditions, is so disproportionately less
than the value of the property transferred that the
transfer is, in the light of reason or of ordinary intelli-
gence and judgment, beneficent and donative, the trans-
fer is taxable.   The taxability does not depend upon
fraud or an attempt to evade the statute; nor does it
depend upon the purpose or inducement of the trans-
fer; nor does it depend upon the form given the trans-
fer.   *The law searches out the reality and is not halted
or controlled by the form.*  (*Matter of Gould,* 156 N. Y.
423.)   *The measure determining the liability or free-
dom from liability to the tax is the nature, the essence,
the effect of the transfer.   If, in truth, it, in effect,
bestows, under the statutory conditions, a bounty or
benefaction, and is not a transfer for money's worth,
it is taxable.''*

In *Matter of Dolbeer,* 226 N. Y. 623, it was held that
where a joint bank account in the name of husband and
wife, payable to the survivor, was created subsequent

Misc.] Surrogate's Court, Albany County, January, 1920.

to the passage of subdivision 7 of section 220 of the Tax Law, the privilege of acquiring the entire property by right of succession may be subjected to the tax on the method of succession. The effect of this decision was expressly limited in the opinion of the court, as follows:

" The record does not disclose who furnished the money which was deposited to the joint credit. Nothing indicates that the succession in this case was not donative in character (*Matter of Orvis,* 223 N. Y. 1, 7) and we may well reserve consideration of the application of the statute to a case where the survivor had previously acquired his interest for value."

Obviously, therefore, the Court of Appeals does not intend its decision to establish that all joint accounts created subsequent to the enactment of the statute of 1915 shall be deemed a transfer to the survivor of the whole and its opinion strongly intimates that the rule in *Matter of Orvis,* that the measure determining the liability to a tax is the nature, the essence, the effect of the transfer and its taxability depends upon the fact and the extent of the bounty or benefaction to which the survivor succeeds, applies in a case such as is here presented.

If this rule applies to joint accounts created subsequent to the statute, it surely applies with equal or greater force to those created prior thereto.

The joint ownership of property has always been considered an artificial and technical estate with the limitation over to the survivor, and such right of survivorship, created by law, is one upon which the state may impose the burden of a tax; but the statute here in question imposes no tax upon the privilege to create such an estate, no tax upon the extinguishment of the right of the deceased joint tenant, no tax upon the survivor, except to the extent that the survivor, by right

Surrogate's Court, New York County, January, 1920.   [Vol. 110.

of succession, may acquire by transfer a benefit and bounty.  The declaration of the statute that the right of the surviving tenant to the ownership of the property shall be deemed a transfer of the whole must yield, for the purposes of taxation, to the fact whether the succession is donative in character.  If so, it is taxable to the amount of the benefaction; if otherwise, it is not taxable.

In this case the petitioner furnished the money which was deposited to the joint credit; he was the sole owner thereof.  Van Vranken never owned or contributed any part of the fund, nor did he exercise any control or possession over it.  He was made a joint tenant to act as the agent for the owner and by his death Sutton acquired by succession nothing donative in character.

The facts here, which are not rebutted, remove any inference that the fund was jointly owned and it follows, for the reasons above set forth and upon the authority of *Matter of Buchanan*, 184 App. Div. 237, that no transfer tax is assessable upon the bank deposit and the application of the petitioner for an order of exemption is hereby granted.

Application granted.