Schulz, S.
This is an appeal by a sister of the decedent individually and as executrix from an order *502 fixing the transfer tax upon the estate of the testatrix. The latter hy her last will and testament devised and bequeathed all of her property to the appellant. The items as to which it is urged that the order erroneously fixes the tax are three savings bank accounts, four mortgages and a “ First Mortgage Certificate ” issued by a mortgage company.
The bank accounts involved are as follows:
One in the Bowery Savings Bank in the name of “ Josephine A. Weissbach in trust for Elizabeth A. Kireher ” in the sum of $1,734.71, of which amount $1,502.63 was deposited prior to May 20,1915; another in the Emigrant Industrial Savings Bank in the name of “ Josephine A. Weissbach or sister Elizabeth A. Kireher, or the survivor ” in the sum of $2,113.19, of which amount the sum of $1,404.53 was deposited prior to May 20, 1915, and the third in the Equitable Trust Company of New York, Colonial Branch, in the name of “ Josephine A. Weissbach and Elizabeth A. Kireher ” in the sum of $1,650.53, of which $764.88 was deposited prior to May 20, 1915.
Three of the bonds and accompanying mortgages came to the decedent and her sister, the appellant, by assignments dated prior to May 20, 1915, and reciting their transfer to “ Josephine A. Weissbach and Elizabeth A. Kireher, jointly.” The other bond and-mortgage was made directly to the two sisters in the same manner and also prior to May 20, 1915, and the mortgage certificate was made to them directly in the same way but subsequently tó said date.
The transfer tax appraiser assessed the account in the Bowery Savings Bank at the full amount. Of the accounts in the Emigrant Industrial Savings Bank and the Equitable Trust Company, he assessed one-half-of so much thereof as was deposited prior to May 20,1915, and all of that deposited subsequently thereto. The *503 bonds and mortgages and the mortgage certificate he assessed at their full amount. He also reported three of the bonds secured by mortgage and the mortgage certificate as being subject to the tax imposed by section 221-b of the Tax Law (Laws of 1909, chap. 62; Consol. Laws, chap. 60, as amended by Laws of 1917, chap. 700). The order fixed the tax accordingly.
The form of the deposit in the Bowery Savings Bank created the presumption that it was the intention of the parties to establish a tentative and revocable trust which became irrevocable upon the death of the trustee. Matter of Totten, 179 N. Y. 112; Matthews v. Brooklyn Savings Bank, 208 id. 508; Stockert v. Dry Dock Savings Institution, 155 App. Div. 123. It appears without contradiction, however, that one-half of the said deposit belonged to the appellant, that it was the intent of the parties to open a joint account and that the form in question was adopted at the suggestion of a bank official, but with no intention of creating a trust of any kind. I am of the opinion that only one-half of this account was taxable for the same reasons which caused me to reach that conclusion with reference to the joint accounts hereinafter discussed.
The appraiser’s reason for assessing all of the deposits in the two savings banks above referred to, made after May 20, 1915, is that upon the latter date chapter 664 of the Laws of 1915 took effect. This added subdivision 7 to section 220 of the Tax Law, supra, and provided so far as material to this controversy and as amended by chapter 323 of the Laws of 1916 that, “ Whenever property is held in the joint names of two or more persons, or * * * is deposited in banks or other institutions or depositaries in the joint names of two or more persons and payable to either or the survivor, upon the death of one of such persons the right of the * * * joint tenant or joint *504 tenants, person or persons, to the immediate ownership or possession and enjoyment of such property shall be deemed a transfer taxable under the provisions of this chapter in the same manner as though the whole property to which such transfer relates belonged absolutely to the deceased * * * joint tenant or joint depositor and had been bequeathed to the surviving * * * joint tenant or joint tenants, person or persons, by such deceased * * * joint tenant or joint depositor by will.”
The appellant in her schedules claimed that the bank accounts, mortgages and the mortgage certificate were not taxable because they did not come to her through the will but that she succeeded to them by right of survivorship. In this she was in error. Matter of McKelway, 221 N. Y. 15. Upon this appeal, however, she contends that only one-half of the same is taxable because one-half of the moneys deposited in the savings banks and one-half of the moneys invested in the securities mentioned were contributed by the appellant, was her property and did not pass to her upon the death of the decedent and it is this contention which merits careful consideration and presents a question not free from doubt. Matter of Bigelow, 108 Misc. Rep. 601, and cases cited infra.
So far as the facts are disclosed, there appears to be no serious contradiction. The affidavit accepted by the appraiser in lieu of other evidence shows without contradiction that the two sisters inherited what moneys and other property they had from their parents and brother, and that each of them contributed one-half of the amount of the deposits in the banking institutions above named, and also contributed the same proportion to the consideration for the bonds and mortgages and the mortgage certificate mentioned. That such was the method generally adopted by the *505 two sisters is borne out by the facts that practically all investments made by them were made jointly.
There is a joint ownership in personal property analogous to an estate in lands. Matter of McKelway, supra. The form of two of the deposits now under consideration made the same the property of the depositors as joint tenants (Banking Law, § 249; Laws of 1914, chap. 369; Consol. Laws, chap. 2, as amended) and it is conceded that they were such. The question, therefore, is clearly presented whether the appraiser in assessing the property which the decedent held as joint depositor or joint tenant with the appellant, should have considered the affidavit showing how much each contributed, and assessed only the one-half contributed by the decedent or whether, under the statute quoted, he was obliged to assess the whole amount, regardless of the undisputed fact that the appellant contributed one-half thereof.
In Matter of Buchanan, 184 App. Div. 237, the question was whether certain moneys belonged to Charles J. Buchanan, deceased, as one of two joint tenants, so that upon his decease a transfer tax was assessable under the statute quoted. The account was in form, “ Charles J. Buchanan or Elizabeth A. Rawolle, payable to either or the survivor of them.” It was clearly shown that the moneys deposited belonged wholly to the survivor, that the other joint tenant was her attorney and the deposit was made by him in the form stated for the convenience of the survivor and that he never claimed title to any part thereof, and the court held that no transfer tax was assessable upon these deposits. In Matter of Van Vranken, 110 Misc. Rep. 84, it was held that where a deposit was made in 1913 in the name of two persons to be drawn by either or the survivor, and it was shown that the money making up the deposit belonged entirely to one and that the *506 other was simply the agent of his joint depositor and the deppsit was made for convenience in making withdrawals by the agent for his principal and that the former claimed no title to any part thereof, no tax accrued.
In both of these matters it is apparent that the learned surrogates did not treat the statute as absolutely conclusive but did consider whose money it was which made up the deposit and reached the conclusion that no transfer took place upon the death of the decedent who had contributed nothing and who claimed no title to any part of the account.
Each of two joint tenants owns an undivided one-half which he has the power to alienate during his life and thus sever the joint tenancy, but which if not alienated passes to the other joint tenant by right of survivorship. Heretofore it was held that upon the death of one of two joint tenants the survivor being already the owner of an undivided one-half received by succession only the undivided one-half which the other joint tenant owned at the time of her death. Matter of McKelway, supra; Matter of Teller, 178 App. Div. 450; Matter of Moebus, Id. 709; Matter of Horler, 180 id. 608.
In Matter of Dolbeer, 226 N. Y. 623, the Court of Appeals, however, under the statute heretofore quoted, held that the whole amount of an account in the name of husband and wife, payable to the survivor, is taxable on the death of the husband. The opinion contains a statement as follows: “ The record does not disclose who furnished the money which was deposited to the joint credit. Nothing indicates that the succession in this case was not donative in character (Matter of Orvis, 223 N. Y. 1, 7), and we could well reserve consideration of the application of the statute to a case where the survivor had previously acquired *507 Ms interest for value.” If the statute determines conclusively that the whole of an account in the form stated is taxable, then of course it would be immaterial who furnished the money which was deposited to the joint credit, and the question as to whether the succession was or was not donative, would have no importance. While the decision, therefore, is not decisive of the question here involved, I take it that the Court of Appeals also at least intimated that the source of the deposit and the character of the succession might be considered.
In the pending matter the record does disclose who furnished the money deposited to the joint credit and does show that the succession was not donative in character as to the one-half which the survivor had contributed. Hence it would appear that it is a case such as the Court of Appeals had in mind when it used the language quoted and that I am permitted to treat the question presented as not having been disposed of in the Dolbeer matter.
The tax in question is a tax upon the right of succession, that is, upon a transfer of property, not upon property.
In Matter of Orvis, cited in Matter of Dolbeer, the court in effect said it was intended to tax all transfers which are accomplished by will, etc., which are in their nature and character instruments or sources of bounty or benefaction and which can be classed as similar in nature and effect to transfers by wills or the intestate laws because they accomplish a transfer of property, donative in effect, under circumstances which impress upon it the characteristics of a disposition made at the time of the transferor’s death.
Bach of the parties in the pending matter owned an undivided one-half of the joint deposits and such ownership was brought about by the creation of the *508 joint accounts in the manner indicated, namely, by the contribution of one-half thereof by each of the joint depositors. When, therefore, upon the death of the decedent the whole of the joint accounts passed to the appellant she received by succession only the one-half which the decedent owned because the other half already belonged to her not only by reason of the form of the accounts but also because she had acquired it for value, i. e., by her contribution to the joint accounts. The only part of the deposits as to which her succession was donative was the undivided one-half of the decedent, and hence in my opinion this only should have been assessed for purposes of taxation.
The reasoning above applies with equal force to the four mortgages and the mortgage certificate and in the case of the four mortgages there is an additional reason for assessing them at only one-half, namely, that they were made and assigned to the decedent and the survivor prior to May 20,1915. Matter of Lansing, 182 N. Y. 238.
The appraiser also reported the bonds secured by the mortgages and the mortgage certificate as being taxable under 221-b of the Tax Law, supra. I had occasion to reach a contrary conclusion in Matter of Austin, 109 Misc. Rep. 584; Matter of Wille, 111 id. 61, and it is conceded by the respondent that the report of the appraiser is wrong in that respect.
The question as to the taxability of the railway bonds not having been raised on appeal cannot be considered by me. Matter of Cook, 194 N. Y. 400. Order is reversed and report remitted to the appraiser for correction as indicated.
Order reversed.