In the Matter of the Transfer Tax upon the Estate of FRANCES A. COSSITT, Deceased.

JOSEPH W. TAYLOR, as Executor, etc., of FRANCES A. COSSITT, Deceased, Appellant; STATE TAX COMMISSION, Respondent.

Fourth Department, March 7, 1923.

Taxation — transfer tax — real property held by testatrix and another as joint tenants from 1897 to 1920 — property conveyed in 1920 with purchase-money mortgage back to grantors as joint tenants — joint tenancy in bond and mortgage arose at time mortgage given and was not continuation of prior estate — entire amount of mortgage subject to transfer tax under Tax Law, § 220, subd. 7.

Subdivision 7 of section 220 of the Tax Law, as added by Laws of 1915, chapter 664, and amended by Laws of 1916, chapter 323, providing for a transfer tax on property held by joint tenants, is applicable to a purchase-money mortgage given in 1920 to the testatrix and another as joint tenants, though the property on which the mortgage was given had been held by them as joint tenants since 1897, for the joint tenancy in the mortgage arose at the time it was given and was not a continuation of their prior estate in the land.

The transfer tax is to be assessed on the full amount of the mortgage, notwithstanding that the surviving joint tenant did not acquire her interest in the tenancy by donation.

HUBBS, P. J., and DAVIS, J., dissent.

35

Appeal by Joseph W. Taylor, as executor, etc., from an order of the Surrogate's Court of the county of Monroe, entered in the office of said Surrogate's Court on the 28th day of November, 1922, affirming a prior order fixing and assessing a tax upon the transfers of the property of the deceased.

Clarence P. Moser and Raymond Bentley, for the appellant.

William T. Plumb, for the respondent.

Sears, J.:

Previous to the year 1897 the testatrix and her cousin, Emma A. Laurin, were the owners as tenants in common of a certain parcel of real property in the city of Rochester. In 1897, desiring to have the property go to the survivor upon the death of either, they conveyed the property to a third party who at once reconveyed it to them as joint tenants and as such they continued to hold it until March 29, 1920, when the property was conveyed by both of them to the Rochester Brass and Wire Works Company, and a purchase-money bond and mortgage were given by the grantee to the testatrix and Emma A. Laurin as " joint tenants, with the right of survivorship, and to their heirs and assigns forever," and after the description the mortgage contained the following language: " Hereby intending to mortgage the same premises conveyed by the second parties to the first party by deed bearing even date herewith, this mortgage being expressly given and accepted as part of the purchase price and consideration for said conveyance. The second parties formerly held and owned said premises as joint tenants, and their rights and interests in said premises created by this mortgage shall be that of joint tenants, with the right of survivorship."

By subdivision 7 of section 220 of the Tax Law (as added by Laws of 1915, chap. 664) it was provided: " Whenever intangible property is held in the joint names of two or more persons, or as tenants by the entirety, or is deposited in banks or other institutions or depositaries in the joint names of two or more persons and payable to either or the survivor, upon the death of one of such persons the right of the surviving tenant by the entirety, joint tenant or joint tenants, person or persons, to the immediate ownership or possession and enjoyment of such property shall be deemed a transfer taxable under the provisions of this chapter in the same manner as though the whole property to which such transfer relates belonged absolutely to the deceased tenant by the entirety, joint tenant or joint depositor and had been bequeathed to the surviving tenant by the entirety, joint tenant or joint tenants, person or persons, by such deceased tenant by the entirety, joint tenant or

joint depositor by will." This amendment took effect on May 20, 1915.

By chapter 323 of the Laws of 1916 the provision was made applicable to all property, the word "intangible" being eliminated. By amendments made to said section by chapter 626 of the Laws of 1919 and chapter 430 of the Laws of 1922 the latter provision was re-enacted and so existed when the testatrix died on June 3, 1922.

The appellant concedes that a transfer tax based upon the value of one-half of the mortgage is assessable (*Matter of McKelway,* 221 N. Y. 15), but challenges the right to assess a tax upon the other half upon the theory that the interest in the mortgage is but a continuation of the interest in the real property which became vested before the passage of the statutes referred to and consequently is not subject to the tax under authority of *Matter of Lyon* (233 N. Y. 208) and *Matter of McKelway* (221 id. 15).

One of several joint tenants may convey his interest by deed at any time and his grantee thereafter holds as a tenant in common and the right of survivorship is broken. When in 1920 the testatrix and Mrs. Laurin conveyed the real property and took back a bond and mortgage, it was only by reason of the particular provisions of the mortgage that the testatrix and Mrs. Laurin held the mortgage as joint tenants and not because they had previously owned such an estate in the real property. A mortgage in this State, despite its form, is now only a lien and not an estate in land. (*Barry* v. *Hamburg-Bremen Fire Ins. Co.,* 110 N. Y. 1; *Thompson* v. *Lewis,* 182 App. Div. 556.) A bond or other obligation running to two persons whose interests are not shown to be joint is not owned by the obligees as joint tenants. (*Cunningham* v. *White,* 45 How. Pr. 486.) The joint interest of the testatrix and Mrs. Laurin rested solely upon their estate in the land, a kind of ownership said to be an object of disfavor. (*Matter of McKelway, supra; Overheiser* v. *Lackey,* 207 N. Y. 229.) When this estate was terminated by a conveyance, the ownership of the testatrix and Mrs. Laurin in the bond and mortgage except for the special agreement in the mortgage would have been that of tenants in common and not of joint tenants, in the same way that the cash which was received as part of the purchase price was owned by them in severalty and divided between them. We must, therefore, conclude that the joint tenancy involved in ownership of the bond and mortgage had its origin in the agreement between the testatrix and Mrs. Laurin in 1920, and was not in this respect a continuation of the estate previously held by them.

The appellant further urges, however, that the tax should be assessed on only one-half of the amount of the mortgage for the

reason that the other one-half had been acquired by her for value and did not come to her in the character of a donation.

In *Matter of Dolbeer* (226 N. Y. 623) the provision of the amendment of 1915 to section 220 of the Tax Law in relation to intangible property was construed, the court saying in a *per curiam* opinion: " When the joint account is created *subsequent* to the adoption of the statute, the privilege of acquiring the entire property by the right of succession may be subjected to the tax on the method of acquisition. (*Matter of Vanderbilt,* 172 N. Y. 69, 73; *Matter of Keeney,* 194 N. Y. 281; 222 U. S. 525.) The right to take property by survivorship is the creation of law upon which the State may impose conditions (*Matter of Dows,* 167 N. Y. 227; *Matter of White,* 208 N. Y. 64, 67), if no vested or contract rights are thereby violated.

" The record does not disclose who furnished the money which was deposited to the joint credit. Nothing indicates that the succession in this case was not donative in character (*Matter of Orvis,* 223 N. Y. 1, 7), and we may well reserve consideration of the application of the statute to a case where the survivor had previously acquired his interest for value."

The question there left open is presented for determination in this case. The decisions of the surrogates have not been uniform in construing the law under such circumstances. In Bronx county (*Matter of Reardon,* 182 N. Y. Supp. 218; *Matter of Weissbach,* 111 Misc. Rep. 501) and in Columbia county (*Matter of Van Deusen,* 118 id. 212) determinations based principally upon *Matter of Orvis* (223 N. Y. 1) have been in accordance with the claims of appellant, while in Monroe county in this case, in Orleans county (*Matter of Bigelow,* 108 Misc. Rep. 601), in New York county (*Matter of Chase,* 112 id. 684) and in Kings county (*Matter of Koch,* 117 id. 277) the entire amount of joint property was held taxable.

When the Legislature passed the statute of 1915 above quoted, it employed language broad enough to include a case whether the interest acquired by survivorship was donative or not. Where a bequest is given in consideration of services rendered, the bequest is nevertheless a taxable transfer.

In *Matter of Gould* (156 N. Y. 423) the court said: " So far in the progress of this proceeding the question as to the right of the State to collect a tax upon the property has been disposed of by the courts below as if the statute provided in terms that only property ' gratuitously given by will ' should be taxed. But the statute does not so provide, and the duty of the courts is to read it as it is written. It is certainly within the constitutional power of the Legislature to tax all property transferred by will, whether

the motive of the testator be to make a gift or pay a debt, and the language, absolutely unambiguous and free from saving clauses, which the Legislature employed to accomplish that result, affords the best indication that the word ' transfer ' in the statute is used advisedly and according to its ordinary legal signification, which is that the owner of a thing delivers it to another person with the intent of passing the rights which he has in it to the latter. (Bouvier's Law Dict.)   Indeed, it can easily be imagined that the Legislature aimed to prevent parties from avoiding payment of the tax by changing intended beneficiaries into testamentary creditors. It matters not what the motive of a transfer by will may be, whether to pay a debt, discharge some moral obligation, or to benefit a relative for whom the testator entertains a strong affection, if the devise or bequest be accepted by the beneficiary, the transfer is made by will, and the State by the statute in question makes a tax to impinge upon that performance."

Similarly here as the Legislature has power to impose a tax upon this method of acquisition (*Matter of Dolbeer, supra*) we cannot assume that it intended to limit the tax to such part as is gratuitous and the transfer coming strictly within the terms of the statute must be held to be taxable.

The order appealed from should be affirmed, with costs and disbursements.

All concur, except HUBBS, P. J., and DAVIS, J., who dissent and vote for reversal.

Order affirmed, with costs.