In the Matter of the Estate of JOHN DWYER, Deceased.

Surrogate's Court, New York County, November 28, 1933.

*Edgar Hirschberg* [*Seth T. Cole* of counsel], for the appellant State Tax Commission.

*Dwyer & Redfield* [*Emanuel Redfield* and *Dalton Dwyer* of counsel], for the administratrices.

FOLEY, S. This is an appeal by the State Tax Commission from the order fixing the estate tax on the supplemental report of the appraiser. Previously, the question came before me upon appeal from the original order fixing tax as to whether the total value of certain mortgages and a mortgage participation certificate held in a true joint tenancy by the decedent and his wife was taxable. In my decision (*Matter of Dwyer*, 145 Misc. 603) I held that the whole value should not be included in the gross estate but that one-half only of the property was subject to the estate tax. The decedent died after the taking effect of the new Estate Tax Law which became a law on September 1, 1930. One of the mortgages was acquired by the parties jointly in the year 1922. Another mortgage and the mortgage certificate were acquired in similar title

in 1928. My decision rested upon the authority of *Matter of McKelway* (221 N. Y. 15). The theory of the surrogate was based on two grounds: (1) The title to the joint property had vested prior to the effective date of the new statute so that the interest of the wife as joint tenant in one-half of the property was thereby exempt from the estate tax; (2) despite the existence of the former Transfer Tax Law at the time of the taking over of the property by the joint tenants, that the change from a transfer tax to an estate tax law was so fundamental and substantial as to prevent taxing of the entire property rather than the one-half which fell in at the death of the husband.

Under the first ground, the decision of the Court of Appeals in *Matter of McKelway* (*supra*) had held where a joint tenancy had been created prior to the effective date of any statute which taxed the transfer, that one-half of the property passed free from the tax. In *Matter of Lyon* (233 N. Y. 208) it was held that property which was acquired in a tenancy by the entirety before the enactment of any such taxing statute was exempt from taxation.

Under the second ground stated above by me it should be noted that the Court of Appeals in *Matter of Dolbeer* (226 N. Y. 623) and *Matter of Cossitt* (204 App. Div. 545; affd. on opinion below, 236 N. Y. 524) had held that where the joint property had been acquired subsequent to the effective date of any statute which taxed the transfer, the entire value of the joint property might be subjected to a tax because at the time of the creation of the joint tenancy, the existing Transfer Tax Law provided for the taxation of the transfer upon the entire fund. Furthermore, in *Matter of Cossitt* (*supra*), the Court of Appeals affirmed the determination of the Appellate Division that the entire value of the property held in joint tenancy, acquired subsequent to the passage of a statute taxing such a transfer, must be taxed even though the survivor had made contributions to the joint fund or property.

It now appears that the rules which I deemed applicable in my prior decision in this estate have been swept away by the very recent decision of the Court of Appeals in *Matter of Weiden* (263 N. Y. 107, revg. 240 App. Div. 716, which amended the decision in 239 id. 852, which affirmed 146 Misc. 381; 144 id. 854). In a *per curiam* opinion that court has determined that a tenancy by the entirety which was created prior to the enactment in 1915 of a statute which first levied a tax upon such interests, is subject to taxation to the full extent of the value of the property held by the entirety. In its brief opinion the court stated that in *Tyler* v. *United States* (281 U. S. 497); *Gwinn* v. *Commissioner* (287 id. 224) and *Third National Bank & Trust Co.* v. *White* (Id. 577) the United

States Supreme Court " has indicated that the tax does not violate the provisions of the United States Constitution. We will apply the same rules in determining the effect of similar provisions of the Constitution of this State, for the purpose of maintaining the uniformity of administration of the tax law which the Legislature has sought to achieve." By this decision the Court of Appeals has overruled its prior decisions in *Matter of McKelway (supra)* and *Matter of Lyon (supra)*. The intent of the Decedent Estate Commission and the State Tax Commission, which recommended, and the Legislature, which enacted, the new Estate Tax Law, has thus been recognized and effectuated. That intent was to harmonize, so far as possible, the construction and application of the Federal and of the State statutes. The benefit of such a uniform policy and its importance to attorneys in tax proceedings need no exposition.

The date of the creation of the title is no longer material. The change of the existing taxing statute, either in form from a transfer tax to an estate tax, or by any substantial change in the rate of tax, is immaterial. The Court of Appeals has adopted the rule of the United States Supreme Court that the death of one of the parties is the " generating source " (*Tyler* v. *United States, supra*) of the succession to the entire property and the whole fund or property must be included in the gross estate of the decedent.

Similarly, in the present case, subdivisions 5 and 6 of section 249-r of the Tax Law, when construed in the light of the opinion in *Matter of Weiden (supra)*, compel the inclusion of the entire value of the mortgages and the mortgage certificate as part of the gross estate. The only exception to the general rule, as to the taxability of joint interests, is stated in subdivision 5, that there shall be excepted such part of the value of the joint property " as is proportionate to the consideration furnished " by the survivor. It is conceded in the present case that the wife, the survivor, made no contribution whatever to the joint property. The appeal is, therefore, sustained.

Submit order on notice sustaining the appeal and modifying the order fixing the estate tax accordingly.