# In re COWAN'S ESTATE.

# COWAN v. STATE TAX COMMISSION.

No. 6182.   Decided March 2, 1940.   (99 P. 2d 605.)

*Alvin I. Smith, Grant A. Brown,* and *Garfield O. Anderson,* all of Salt Lake City, for appellant.

*Derrah B. Van Dyke,* of Ogden, for respondent.

PRATT, Justice.

John Cowan and Nellie Cowan were brother and sister. They possessed four separate joint savings bank accounts in banks at Ogden, Utah. Two of the accounts were made up solely from the funds of the brother; two solely from the funds of the sister. John Cowan died. His sister was appointed executrix of his estate. She claimed that the two accounts made up from her funds were not subject to inheritance tax; but consented that the other two be considered as part of her brother's estate. The State Tax Commission claimed that all accounts were taxable as if they had been owned solely by the brother during his lifetime.

A trial was had before the district court. The facts were stipulated. The court concluded:

"Conclusions of Law:

\* \* \*

"2. That by virtue of their ownership of said accounts as joint tenants, petitioner and decedent, at date of decedent's death, each are presumed to have owned an undivided half (moiety) of the whole of said four accounts, irrespective of which might have contributed the funds to said accounts."

\* \* \*

"4. That the whole property transferred from decedent to petitioner within the meaning of the provisions of Section 80-12-5, Revised Laws "Statutes" Utah,—1933, consists of one-half of all said four joint accounts and that the entire net value of the estate transferred within the provisions of said Section consists of one-half of the total of said accounts, to wit one half of $22,700.46, which is the sum of $11,350.23."

From the order and decree based upon those conclusions the Tax Commission appeals.

Section 80-12-5, R. S. U. 1933, reads:

"Whenever property is held in the joint names of two or more persons, or as tenants by the entirety, with right of survivorshop, or is deposited in banks or other institutions or depositories in the joint names of two or more persons and payable to the survivor or survivors upon the death of one of such persons, the right of the survivor or survivors to the immediate ownership or possession and enjoyment of such property shall be deemed a transfer taxable under the provisions of this chapter in the same manner as if the whole property to which such transfer relates belonged to the deceased and passed to the survivor or survivors by will."

There is but one question submitted to us—the interpretation of this section.

Without it, property transferred as an incident of the enumerated contractual relationships is not subject to inheritance tax laws. L. R. A. 1916C, annotation page 682.

It seems rather clear that the purpose of the section is to prevent an escape from inheritance taxes by means of the

enumerated tenancies. That being the case, it is natural to believe that when the Legislature adopted this section it had in mind measuring the tax by the full amount of the joint holdings, rather than by a fractional part thereof. In other words, it would be a singular remedy for such attempted evasion to base the tax upon one fractional part of the property involved thus making of it an invitation to escape the taxes on the remaining fractional part; an invitation at variance with the purpose of the enactment.

Unquestionably, there is logic in saying that such an inheritance tax is a tax upon the transfer by contract and after death, of property owned by the deceased in his lifetime, implying thereby that if the deceased in his lifetime did not own the subject matter of the alleged transfer, there was no transfer to be taxed. But this does not aid us much in determining what the Legislature had in mind in adopting this particular law. It is better as an argument as to what the law should be than as to what it is. If the Legislature feared that many large holdings would escape inheritance tax by the legal incidents of certain contracts, it is more than likely that it would not acquiesce in permitting part of those holdings to escape. It was very particular, in the preceding section, 80-12-4, R. S. U. 1933 (which is discussed in the case of *In re Lambourne's Estate*, 97 Utah 393, 93 P. 2d 475) to prevent transfers of the entire interest in property during the lifetime of deceased escaping the inheritance tax laws, if they were made in contemplation of death. There seems to be no reason for believing it intended to be more lenient in cases of the kind before us, where only a part interest is transferred.

We adopted this law from New York State in 1919. Prior to its adoption here the New York Court of Appeals passed upon this question in two cases: *In re McKelway's Estate*, May, 1917, 221 N. Y. 15, 116 N. E. 348, L. R. A. 1917E, 1143; and *In re Dolbeer's Estate*, April, 1919, 226 N. Y. 623, 123 N. E. 381. In the first case the court held that the enactment of such a law could not affect an interest that

vested prior to its enactment. Upon that principle, it permitted a tax only upon an undivided one-half of such a joint tenancy, being the undivided one-half owned by the deceased in his lifetime, and not the undivided one-half held to have passed to the survivor during the lifetime of the deceased. In the second case, it held that as to such tenancies created after the enactment, the tax was based upon the entire property of the joint tenancy. It was held to be a tax upon the right to succeed to the entire property under such contractual relationships. When we adopt a statute from another state, the interpretation given it by the supreme court of that state is presumed to prevail. *Norville* v. *Tax Commission*, 98 Utah 170, 97 P. 2d 937.

Appellant has advanced another reason for interpreting the section as we have. For some twenty years it has been so interpreted and administered and the public generally has acquiesced therein, many estates having paid taxes on that basis without question. Such a practical construction of the section by many who were and are directly concerned, must not be passed over lightly. *State Board of Land Commissioners* v. *Ririe*, 56 Utah 213, 190 P. 59, 62.

Considering the purpose of the law; the interpretation placed upon it by the New York courts, in spite of their recognition of the separate interests in joint tenancies; and the practical construction given to it in this State, we are of the opinion that the lower court was in error in its interpretation. The judgment is reversed and the case remanded for further proceedings to conform to this decision. Costs to appellant.

MOFFAT, C. J., and McDONOUGH, J., concur.

WOLFE, J., concurs in the result.

LARSON, J., dissents.