In the Matter of the Appraisal of the Estate of CATHARINE VAN
DEUSEN, Deceased, under Article X of the Tax Law.

Surrogate's Court, Columbia County, March, 1922.

**Banking — joint accounts in savings banks — where all moneys on deposit
were sole property of survivor accounts are not taxable although created
or added to after May 20, 1915.**

Where bank accounts standing in the joint names of decedent and another,
payable to either, were created or added to after May 20, 1915, and it satis-
factorily appears that all of the moneys so deposited were the sole property
of the survivor, the accounts are not subject to a transfer tax.
*Matter of Orvis*, 223 N. Y. 1, followed.

APPEAL from order fixing a transfer tax.

*J. D. Bell*, for executor.

*Noah H. Browning*, for state tax commission.

WHITBECK, S. In this case there were certain joint bank accounts
created or added to subsequent to May 20, 1915, standing in the
joint names of Fred Van Deusen and the decedent and payable
to either. The moving papers referring to those accounts state
that " each and every deposit made on the aforesaid three bank
accounts from the commencement of each was made by me indi-
vidually and in each and every instance was my own individual
money." The same papers disclose facts from which it may be
fairly said that all of the moneys so deposited appear to have been
the sole money and property of the said Van Deusen. No opposing
affidavits are presented.

I refrain from here discussing the statutory and judicial history
of the taxing of joint accounts created since May 20, 1915; the
higher courts have already done so and will doubtless do so again
when the question here involved comes directly before them.
Were it not for the so-called dicta in *Matter of Dolbeer*, 226 N. Y.
624, perhaps the law would be considered well settled and all
joint accounts, irrespective of the manner of their creation, would be
taxable. However, in the opinion of the court in the last-mentioned
case this significant statement is made: " The record does not
disclose who furnished the money which was deposited to the joint
credit. Nothing indicates that the succession in this case was not
donative in character (*Matter of Orvis*, 223 N. Y. 1, 7), and we may
well reserve consideration of the application of the statute to a
case where the survivor had previously acquired his interest for
value." There is little to guide the mind as to what the highest
court will actually do when a case similar to the one here comes

before it.    A surrogate in one county fails to find anything in this statement which would conflict with the plain unequivocal language of section 220, subdivision 7, of the Tax Law (*Matter of Bigelow*, [1919] 108 Misc. Rep. 601), while in another county the surrogate believed that the Court of Appeals in the *Dolbeer* opinion " at least intimated that the source of the deposit and the character of the succession might be considered." *Matter of Weissbach*, [1920] 111 Misc. Rep. 501.   So that from courts of equal jurisdiction to this one I am confronted by conflicting though interesting and instructive opinions.   *Matter of Buchanan*, 110 Misc. Rep. 84, I believe involves an entirely different question, namely, that of agency.

In this dilemma I prefer to follow the result in the *Weissbach* case and substantially the reasoning of the learned surrogate who decided that case.    After all the courts are and should be the final arbiters of statutory language and intent and of the lawfulness and effect of statutes themselves.    It is my opinion that the Court of Appeals intended in the *Dolbeer* case to express a possible exception to the general rule of taxation of joint accounts created subsequent to May 20, 1915, and when that expression is coupled with the citation of *Matter of Orvis*, 223 N. Y. 1, decided but a year previous, it is very significant.    I have, therefore, given much consideration to *Matter of Orvis*, *supra*, and conclude from studying it that the Court of Appeals has already decided that " the nature of the tax   *   *   *   and the language of the statute considered in its entirety have convinced us that the legislature did not, however, intend   *   *   * " that *all* transfers by deed, grant, bargain, sale or gift, made in contemplation of death of the grantor, vendor or donor or intended to take effect in possession or enjoyment at or after such death are taxable — that " transfers resting upon a valuable and adequate consideration, although within the classification of the statute, are not within the intendment of it and are not taxable."   That " it was intended to tax all transfers which are accomplished by will, the intestate laws of this state, and those made or incepted prior to the death of the transferor in contemplation of or intended to take effect in possession or enjoyment after his death which are in their nature and character instruments or sources of bounty or benefaction and which can be classed as similar in nature and effect with transfers by wills or the intestate laws, because they accomplish a transfer of property, donative in effect, under circumstances which impress on it the characteristics of a disposition made at the time of the transferor's death.    In all cases in which the value of the consideration for the property transferred, under the statutory conditions, is so disproportionately less than the value of the property transferred that the transfer is,

in the light of reason or of ordinary intelligence and judgment, beneficent and donative, the transfer is taxable."

While this case of Orvis was decided against the taxpayer, the exceptions noted as above quoted are so convincing that as applied to the facts in this case it seems to me it leaves but one course open to me and that is to follow the exception. The transfer in this case is not donative or beneficent so far as concerns this decedent.

I, therefore, conclude that the same are not taxable under article X of the Tax Law and an order accordingly may be prepared. embodying such other directions as seem not to be in dispute.

Decreed accordingly.