In the Matter of the Appraisal, under the Transfer Tax Law, of the Estate of EDMUND LYON, Deceased.

WILLIAM W. CHAPIN et al., as Executors Appellants; STATE TAX COMMISSION, Respondent.

Tax — real property — tenancy by the entirety — legislature without power to impose transfer tax upon right of survivorship where estate has already vested.

1. Husband and wife seized of real property by the entirety are not joint tenants.    One does not acquire the rights and property of the other by survivorship.    The fee is indivisible.    As an entirety it is vested in both.    For this purpose they are considered one and not two.    On the death of either the fee vests in the other, not because there is a transfer of any part of the estate, but because the survivor is the representative of the single ownership.

2. The provision of subdivision 7 of section 220 of the Tax Law (Cons. Laws, ch. 60) imposing a transfer tax upon the death of a tenant by the entirety, on the right of the survivor to the immediate ownership and enjoyment of the property, does not apply to an estate which was vested prior to the enactment of the statute.    Whatever power the legislature may have with regard to such estates later created, does not extend to those already vested.

*Matter of Lyon*, 199 App. Div. 912, reversed.

(Argued February 27, 1922; decided April 18, 1922.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 20, 1921, which reversed an order of the Monroe County Surrogate's Court assessing a transfer tax upon the estate of Edmund Lyon, deceased, and remitted the matter to said Surrogate's Court for further proceedings.

The following question was certified: " Did Carolyn H. T. Lyon, upon the death of her husband, Edmund H. Lyon, acquire an interest in the real property known as 1441 East avenue in the city of Rochester, N. Y., which is taxable under subdivision 7 of section 220 of the Tax Law, especially in view of the fact that the conveyance of said property to herself and her husband as tenants by the entirety occurred prior to the enactment of chapter 323 of the Laws of 1916? "

*J. Sawyer Fitch* for appellant. As the deed to the property was made prior to the enactment of the statute in question, there was no transfer of any interest in the property to decedent's widow on his death which is subject to tax. (*Matter of Lansing*, 182 N. Y. 238; *Matter of Vanderbilt*, 172 N. Y. 69; *Matter of McKelway*, 221 N. Y. 15; *Matter of Klatzl*, 216 N. Y. 83.)

*Elihu Root, Jr., Emory R. Buckner* and *Robert P. Patterson* for Home Trust Company et al., *amici curiæ.* Mrs. Lyon, as tenant by the entirety, became seized of the whole estate in this land in 1908 when the tenancy was created. She acquired no new rights in 1920, by virtue of survivorship. (*Bertles* v. *Nunan*, 92 N. Y. 152; *Zorntlein* v. *Bram*, 100 N. Y. 12; *Stelz* v. *Shreck*, 128 N. Y. 263; *Hiles* v. *Fisher*, 144 N. Y. 306; *Grosser* v. *City of Rochester*, 148 N. Y. 235; *Matter of Goodrich* v. *Otcgo*, 216 N. Y. 112; *Matter of Klatzl*, 216 N. Y. 83; *Matter of McKelway*, 221 N. Y. 15; 13 R. C. L. 1121; Washb. on Real. Prop. § 911; Freeman on Cotenancy, §§ 63–76.)

14

At the time this estate by the entirety was created, there was no transfer tax upon such estates on the death of one tenant by the entirety. (*Matter of Klatzl*, 216 N. Y. 83; *Palmer* v. *Treasurer*, 222 Mass. 263.) The statute of 1916 cannot subject to a tax Mrs. Lyon's right to this real estate as surviving tenant by the entirety, because that right was acquired in 1908. (*Matter of Pell*, 171 N. Y. 48; *Matter of Lansing*, 182 N. Y. 238; *Matter of McKelway*, 221 N. Y. 15; *Matter of Craig*, 97 App. Div. 289; 181 N. Y. 551; *Matter of Backhouse*, 110 App. Div. 737; 185 N. Y. 544.)

*William T. Plumb* for respondent. This statute is constitutional and all tenancies by the entirety are now subject to tax. (*Matter of Moebus*, 178 App. Div. 709; *Matter of Beresford*, 183 App. Div. 947; *Matter of Carnegie*, 191 N. Y. Supp. 753; *Matter of Klatzl*, 216 N. Y. 83.)

*John B. Gleason* and *Lafayette B. Gleason* for state tax commission. Whenever land is held in the names of two persons as joint tenants or as tenants by the entireties and one of them dies, there is a change in the ownership of the fee, in which change death is a determining factor and the state has the power to impose a transfer tax or a tax which shall be deemed a transfer tax with regard thereto. (*Thorley* v. *Thorley*, 1893, 2 Ch. 229; *Matter of March*, 24 Ch. Div. 222; *Stetz* v. *Shreck*, 128 N. Y. 263; *Goodrich* v. *Otego*, 216 N. Y. 112.) The fictions of absolute ownership and of relation cannot prevail against the power of the state to impose a tax — as a transfer tax and not a direct tax — upon the actual acquisition by the widow of new rights in the fee, and which rights in the fee were owned by the husband in his lifetime. (*Matter of Tilley*, 166 App. Div. 240; 215 N. Y. 702; *Lyttleton* v. *Cross*, 3 Beav. 317; *Johnson* v. *Smith*, 2 Burr, 950; *Hibbard* v. *Smith*, 67 Cal. 547; *Matter of Swift*, 137 N. Y. 79.)

ANDREWS, J.　When on July 31st, 1908, a house and lot was conveyed to Edmund Lyon and to Carolyn, his wife, as tenants by the entirety they became seized of an estate having well-recognized attributes.　Whatever the original reasoning upon which this estate was based, the rules with regard to it had long become a part of the law of real property consistently enforced in New York. (*Matter of Klatzl*, 216 N. Y. 83.)　Husband and wife were not joint tenants.　One did not acquire the rights and property of the other by survivorship.　The fee was indivisible.　As an entirety it was vested in both.　For this purpose they were considered one and not two.　On the death of either the fee vested in the other, not because there was a transfer of any part of the estate, but because the survivor was the representative of the single ownership.　The rule was a technical one.　So are many of the rules affecting real estate.　We appeal to history and not to logic for the explanation.

The statute with regard to taxable transfers originated in 1885 (Ch. 483).　Then and since a tax has been placed upon the transfer of any property by will or by our intestate laws or where made by gift in contemplation of death.　This was not a tax upon the property itself.　It was a tax upon the privilege of succession (*Matter of Penfold*, 216 N. Y. 163); and the privilege of succession under certain defined circumstances.　At once came the question as to when this tax was to be paid. How about dower (*Matter of Weiler*, 139 App. Div. 905); or curtesy (*Matter of Starbuck*, 137 App. Div. 866); or of ante-nuptial settlement (*Matter of Baker*, 178 N. Y. 575); or of joint tenancy (*Matter of Klatzl*, 216 N. Y. 83)?　In all these cases a portion of the estate vested in the deceased passed upon his death to another.　But as it did not pass by will or by inheritance or by gift, there was no tax.　Nor was there a tax upon an estate in remainder created before but received in possession after 1885. (*Matter of Seaman*, 147 N. Y. 69; *Matter of Lansing*, 182

N. Y. 238.) The reason, however, was different. Here there was no transfer of any kind upon the death of the life tenant. His life estate did not pass to the remaindermen. It could not be conveyed to the latter. It could only be released. (Co. Litt. sec. 479, 480; Bacon's Abridg. vol. 6, p. 615.) By either death or release the life estate was extinguished. The same reasoning applied to an estate by the entirety. (*Matter of Klatzl, supra.*)

Since 1916 the statute has been altered. (Cons. Laws, ch. 60, section 220, subd. 7.) Where there is a joint tenancy or a tenancy by the entirety, the right of the survivor to the immediate ownership and enjoyment of the property shall be deemed a taxable transfer " in the same manner as though the whole property * * * belonged absolutely to the deceased tenant by the entirety (or) joint tenant * * * and had been bequeathed to the " survivor by the deceased. This means that the tax is to be imposed upon the entire estate held by the joint tenants or by the tenants by the entirety as if the whole had passed by will. (*Matter of Dolbeer,* 226 N. Y. 623.) The act is also retroactive and is an endeavor to tax such estate whenever created provided the death occurs after 1916. (*Matter of McKelway,* 221 N. Y. 15.)

Whatever power the legislature may have with regard to such estates later created does not extend to those already vested before the adoption of the amendment. (*Matter of Pell,* 171 N. Y. 48.) This estate by the entirety with all its incidents was vested in Mr. and Mrs. Lyon in 1910. What was then acquired may not subsequently be diminished by a tax upon that acquisition. As there was no transfer after 1916 there can be no tax. Mrs. Lyon now has what she had in 1910, no more and no less. (*Matter of McKelway, supra.*)

The order of the Appellate Division, the effect of which is to impose a transfer tax upon the estate by the entirety, must, therefore, be reversed and that of the surrogate

affirmed, with costs in this court and in the Appellate Division, and the question certified to us must be answered in the negative.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN and CRANE, JJ., concur.

Order reversed, etc.