In the Matter of the Appraisal under the Transfer Tax Law of the Estate of PATRICK J. DUNN, Deceased.

STATE TAX COMMISSION, Appellant; LENA DUNN, Individually and as Administratrix, etc., of PATRICK J. DUNN, Deceased, Respondent.

First Department, May 4, 1923.

**Taxation — transfer tax — intestate and his wife acquired real property as tenants by entirety in 1919 and 1920 — dower right of widow must be deducted before tax can be imposed — Tax Law, § 220, subd. 7, construed.**

Real estate acquired in 1919 and 1920 by the intestate and his wife as tenants by the entirety is not subject to a transfer tax under subdivision 7 of section 220 of the Tax Law on its full value but before the tax can be imposed the dower right of the widow therein must be deducted.

PAGE, J., and CLARKE, P. J., dissent, with opinion.

APPEAL by the State Tax Commission from an order of the Surrogate's Court of the county of Bronx, entered in the office of said Surrogate's Court on the 18th day of April, 1922, reversing

a prior order assessing a tax on the transfers of the property of the deceased, and remitting the matter to the appraiser with instructions to reappraise the interest of the respondent in certain real property held by her and the deceased as tenants by the entirety and upon such reappraisal to deduct the value of her dower therefrom.

The opinion of the surrogate is reported in *Matter of Dunn* (118 Misc. Rep. 426).

*John Boyle, Jr.*, for the appellant.

*Otto Henschel*, for the respondent.

DOWLING, J.:

Patrick J. Dunn died on March 20, 1921, in the borough and county of Bronx, city of New York, leaving him surviving his widow, Lena Dunn. He and his wife owned, as tenants by the entirety, the premises 1326 Fulton avenue (acquired March 4, 1915), 1330 Fulton avenue (acquired February 7, 1919), and 2526 Grand Concourse (acquired February 11, 1920), all in Bronx county. Title to each of said parcels of property was taken in the names of Patrick J. Dunn and Lena Dunn, his wife.

It is conceded that as a result of their tenancy by the entirety, upon the death of Patrick J. Dunn, his widow, Lena Dunn, took title to the real property in question by right of survivorship. The question involved in this appeal is whether the petitioner is entitled to a deduction, in fixing the transfer tax upon the estate of the decedent, of the amount of the widow's dower right in the premises 1330 Fulton avenue and 2526 Grand Concourse which were bought in the names of Patrick J. Dunn and Lena Dunn, his wife, after the passage of the amendment to the Tax Law hereinafter referred to. There is no tax due upon the estate created prior to 1916. (*Matter of Lyon*, 233 N. Y. 208.)

The answer to this question depends upon the interpretation to be given to subdivision 7 of section 220 of the Tax Law, as amended by section 83 of chapter 323 of the Laws of 1916 and section 1 of chapter 626 of the Laws of 1919.*

In its present form and as existent since the amendment of 1916 the subdivision reads as follows: " Whenever property is held in the joint names of two or more persons, or as tenants by the entirety, or is deposited in banks or other institutions or depositaries in the joint names of two or more persons and payable to either or the survivor, upon the death of one of such persons the right of the surviving tenant by the entirety, joint tenant or joint tenants, person or persons, to the immediate ownership or possession and enjoyment of such property, shall be deemed a

---

* Since re-enacted by Laws of 1922, chap. 430.— [REP.

transfer taxable under the provisions of this chapter in the same manner as though the whole property to which such transfer relates belonged absolutely to the deceased tenant by the entirety, joint tenant or joint depositor and had been bequeathed to the surviving tenant by the entirety, joint tenant or joint tenants, person or persons, by such deceased tenant by the entirety, joint tenant or joint depositor by will."

This subdivision was added to section 220 of the Tax Law by section 1 of chapter 664 of the Laws of 1915, the word "intangible" appearing in the first line before the word "property." This was stricken out by the amendment of 1916, and that amendment as re-enacted in 1919 was in force when the decedent died.

The nature of an estate by the entirety is well known to the law. A husband and wife, when jointly seized of land, are seized by entireties *per tout et non per my*, and not *per my et per tout* as joint tenants are. Upon the vesting of an estate by the entirety, both tenants become seized of the whole estate, and upon the death of one the survivor acquires no new or additional interest by survivorship. (*Matter of Klatzl*, 216 N. Y. 83; *Matter of McKelway*, 221 id. 15.) The nature of this tenancy precludes the idea of any dower existing therein, for where the wife survives, she takes the whole. In addition to this, by section 190 of the Real Property Law, the widow is entitled to dower only in the lands whereof her husband was seized of an estate of inheritance at any time during the marriage, and does not apply to an interest extinguished by his death.

We have, therefore, a case where the exact terms of the statute are met. Property was held by husband and wife as tenants by the entirety; upon the death of the husband, the wife, as surviving tenant by the entirety, became entitled to the immediate ownership, possession and enjoyment of the entire property. The statute provides that in such case the right of the survivor shall be deemed a taxable transfer in the same manner as though the whole property belonged absolutely to the deceased tenant by the entirety and had been bequeathed by him to the surviving tenant by will. The tax is to be imposed upon the entire estate as if the whole had passed by will. (*Matter of Lyon, supra; Matter of Dolbeer*, 226 N. Y. 623.)

If the Legislature had expressly imposed a tax upon the value of the estate by the entirety as such, thus passing to the survivor, there could be no doubt that the widow would not be entitled to dower, for, as has been said, dower has no place in an estate by the entirety.

But it did not do so. It provided for a tax upon a transfer

under such conditions, as though the whole property belonged absolutely to the deceased tenant and had been bequeathed by will to the survivor. If Patrick J. Dunn had owned this property absolutely and had devised it by will to his widow, there can be no question that she would have been entitled to a deduction of the value of her dower right therein before the tax on transfer could have been imposed.

Anomalous as this result seems to be in view of the nature of tenancy by the entirety, it seems to me to be the necessary effect of the language employed in the statute. And this could not have been the result of chance or inadvertence, for the estate by the entirety is necessarily one existing between husband and wife, and in every case where the wife survives, the question of her dower is necessarily involved. Had the Legislature intended to impose the full tax upon the transfer of such property to the survivor, irrespective of any right of dower, it could easily have used appropriate language so to provide. And it must be deemed to have intended what the law said, particularly as it was entering a new field of taxation, and taxing for the first time a transfer to the survivor of an estate by the entirety.

I am of the opinion, therefore, that the order appealed from should be affirmed, without costs.

SMITH and McAVOY, JJ., concur; CLARKE, P. J., and PAGE, J., dissent.

PAGE, J. (dissenting):

To hold that a widow has a right of dower in lands held during the lifetime of the husband by the husband and wife as tenants by the entirety, is repugnant to the quality of both estates. Section 190 of the Real Property Law is as follows: " Dower. A widow shall be endowed of the third part of all the lands whereof her husband was seized of an estate of inheritance, at any time during the marriage."

The basis of the right of dower, which our statutes confer upon the wife, is the common law of England, and the right arises by reason of marriage and the operation of law. It is a right which attaches in the land when the seizin and marriage relation are concurrent. The wife's inchoate right of dower vests at the moment of the grant to the husband; she takes such right, constructively, as purchaser from the grantor. ( *Kursheedt* v. *U. D. S. Institution,* 118 N. Y. 358, 364.) An estate of inheritance to which the right of dower attaches is any estate of which the husband is seized in fact or in law which is not extinguished by his death. (*Lugar* v. *Lugar,* 160 App. Div. 807, 810.)

A tenancy by the entirety is also based upon the English common law, arising by reason of the marriage and operation of law. Upon the vesting of the estate, both tenants, by reason of the unity of their persons by marriage, become seized of the whole estate, and neither is seized of any divisible part. The death of one extinguishes his or her interest. The land is held by the two in one ownership; when one dies, the survivor becomes that owner. Nothing passes by death; the survivor, being already seized of the whole, can acquire no new or additional interest by survivorship. The title of the surviving wife is not in any sense derived from the husband but vests on the delivery of the deed and she takes actually as purchaser from the grantor.

To hold that the widow has a dower right to a third of that which she owns entirely, in a non-inheritable estate in her husband, which is extinguished by his death, is in my opinion contrary to reason and would not have been thought possible had it not been for the fictitious quality given to estates by the entirety, for the purpose of assessing a transfer tax thereon, by the amendment to section 220 of the Tax Law in 1916. (Laws of 1916, chap. 323, § 83, amdg. Tax Law, § 220, subd. 7, as added by Laws of 1915, chap. 664. See, also, Laws of 1919, chap. 626, re-enacting said § 220, subd. 7.)* If an estate by the entirety is to be deemed to be vested solely in the husband, to which the wife succeeds on his death, logically she should be given the right to deduct her dower interest in the computation of the transfer tax. This would be allowed upon any real estate of which he held the fee and which was devised to her by will. To hold otherwise would cause to be imposed upon the widow a larger tax on an estate by the entirety upon death of the husband, of which she already owned the whole, than upon one to which she had no title and received the whole only by reason of a devise. It is thought that this could not be the intention of the Legislature, and to avoid this it is suggested that upon the legislative fiction should be imposed another fiction by the courts. The necessity of resorting to these fictions to my mind demonstrates the futility of the amendment.

I am of opinion, however, that it is beyond the power of the Legislature, for the purpose of taxation only, to ascribe to a well-recognized estate in lands a fictitious quality so that on the death of one party the fictitious devolution of title may be " deemed a transfer taxable under the provisions of " the Tax Law, being article 10 thereof, as amended, relating to taxable transfers.

It has never been authoritatively decided that when one of the

---

* Since re-enacted by Laws of 1922, chap. 430.— [REP.

tenants of an estate by the entirety dies the survivor's interest is subject to a transfer tax.

The headnote in *Matter of Klatzl* (216 N. Y. 83) would indicate that the court had held that where a husband conveyed real property to himself and wife as tenants by the entirety, upon the death of the husband his one-half interest became subject to a transfer tax. An analysis of the opinions does not seem to warrant the headnote.

Judge Seabury wrote an opinion, which was concurred in by Judges Cuddeback and Hogan, in which he thus states his conclusion: "We conclude, therefore, that the surrogate was in error in holding that the deed of the husband to himself and his wife created a tenancy by the entirety. Under that deed the husband and wife became tenants in common of the property in question. As tenant in common the wife was seized of an undivided one-half interest in the property. The husband was seized of the remaining one-half undivided interest in the property and that interest passed to the respondents under his will [his wife and daughter] subject to the transfer tax." Chief Judge Bartlett concurred in the result only, holding that the deed created an estate by the entirety but inasmuch as during the lifetime of the parties each was entitled to the enjoyment, use and profits of an undivided half during his or her life with an absolute fee in the whole in case of surviving the other, the undivided half to which the husband was entitled in his lifetime passed into the possession of the wife upon his death, and consequently became subject to a transfer tax. Judge Collin, with whom Judges Hiscock and Cardozo concurred, dissented, stating that an estate by the entirety was created by the deed. That tenants by the entirety " while both were living, held the estate as one owner under one title and upon the death of the husband the wife was that owner under that title. Upon the vesting of an estate by entireties, both tenants, by reason of the unity of their person by marriage, become seized of the whole estate, and neither is seized of any divisible part thereof; and, therefore, upon the death of one the survivor, being already seized of the whole, can acquire no new or additional interest by virtue of his survivorship." They voted to affirm the order which held that no transfer tax should be assessed. In *Matter of Lyon* (233 N. Y. 208) the estate by the entirety was created in 1908. The husband died in 1920. The surrogate held that under the amendment to section 220, subdivision 7, of the Tax Law a transfer tax should not be assessed against the widow's interest acquired in real property as tenant by the entirety prior to the enactment of chapter 323 of the Laws of 1916. The Appellate Division reversed

the order.   (199 App. Div. 912.) . The Court of Appeals reversed the order of the Appellate Division and affirmed the order of the surrogate, saying that the act amending the section is retroactive and is an endeavor to tax such estate whenever created provided the death occurs after 1916. The court said, however: " Whatever power the Legislature may have with regard to such estates later created does not extend to those already vested before the adoption of the amendment. (*Matter of Pell*, 171 N. Y. 48.) This estate by the entirety with all its incidents was vested in Mr. and Mrs. Lyon in 1910 [*sic*]. What was then acquired may not subsequently be diminished by a tax upon that acquisition. As there was no transfer after 1916 there can be no tax. Mrs. Lyon now has what she had in 1910, no more and no less." We followed this decision in *Matter of Carnegie* (203 App. Div. 91). In *Matter of McKelway* (221 N.Y. 15) the question was whether personal property held jointly by a husband and wife, upon the death of the husband, was subject to a transfer tax under subdivision 7 of section 220 of the Tax Law, as added by chapter 664 of the Laws of 1915. The court held that to the extent of the one-half interest that passed to the wife, it was taxable. The court pointed out the distinction between a joint ownership of personal property by a husband and wife and a tenancy by the entirety in real estate. In the one case, during the lifetime of the parties, neither is seized of the whole title but of an undivided half, which is alienable by either, and which passes to the survivor at the death of either; while in the other the whole estate passes to both on the grant, and on the death of either the survivor holds the same estate that was theretofore vested. By unity of person the husband and wife have a single ownership; by the death of either the other becomes that owner. Nothing is transferred by reason of the death. *Matter of Dolbeer* (226 N. Y. 623) dealt with the right to tax, upon the death of the husband, the entire amount of a joint bank account, in the name of the husband and wife, payable to the survivor.

It is to be noted that in *Matter of McKelway* and *Matter of Dolbeer* the court was considering the application of section 220 of the Tax Law, as amended, to a transfer of personal property in which a tenancy by the entirety never existed and does not now exist in this State. (*Matter of Albrecht*, 136 N. Y. 91, 94.)

It is necessary in considering the power of the Legislature to impose transfer taxes to get clearly in mind the character and purpose of such tax, and the limits within which its constitutionality has been sustained. The tax is upon the transfer or succession to the property of the decedent, and not upon the property; the estate or the legatee. (*Matter of Wolfe*, 89 App. Div. 349, 351;

First Department, May, 1923.            [Vol. 205

affd., 179 N. Y. 599.) " The fact that the tax is to be paid out of the property does not render it a tax on property. * * * A tax is a property tax when imposed by reason of the ownership of property; a transfer tax when imposed on the method of its acquisition." (*Matter of Vanderbilt*, 172 N. Y. 69, 74.) " The transfer tax is not a tax upon property but upon the right of succession to property. * * * · It is upon the right to receive an estate or a portion thereof. The tax (so called) is the toll or impost appropriated to itself by the State for or in connection with the right of succession to property. It accrues, therefore, at the same time that the estate vests, that is upon the death of the decedent." (*Matter of Penfold*, 216 N. Y. 163, 167.)

It is upon the theory that the transfer tax is a tax upon the transfer or succession to a decedent's property that the constitutionality of the statute imposing such a tax has been sustained.

In *Magoun* v. *Illinois Trust & Savings Bank* (170 U. S. 283) the court gave a short history of legacy and inheritance taxes, and cited numerous cases in which the constitutionality of the taxes had been declared and the principles upon which they are based explained, and continued: " It is not necessary to review these cases or state at length the reasoning by which they are supported. They are based on two principles: 1. An inheritance tax is not one on property, but one on the succession. 2. The right to take property by devise or descent is the creature of the law, and not a natural right — a privilege, and therefore the authority which confers it may impose conditions upon it. From these principles it is deduced that the States may tax the privilege, discriminate between relatives, and between these and strangers, and grant exemptions; * * *."

In *Matter of White* (208 N. Y. 64, 67) the court said: " The tax in question is imposed, as provided in the statute, upon the transfer of and not upon the property. It is a tax upon the method by which the interest of the life beneficiary in the estate of the testatrix was transferred to and acquired by him. It is in the nature of an excise tax on the right to and method of transfer. (*Matter of Keeney*, 194 N. Y. 281.) The right to make a testamentary disposition of or the right to inherit property is not an inherent right; nor is it guaranteed by the fundamental law. Its exercise to any extent depends entirely upon the consent of the Legislature as expressed in their enactments. It can withhold or grant the right, and if it grants it, it may make its exercise and its extent subject to such burdens and requirements as it pleases."

In the instant case there was no transfer or succession of interest in and to any of the decedent's real property. There were three

parcels of real estate held by Patrick J. Dunn and his wife as tenants by the entirety during his life time. The premises known as No. 1326 Fulton avenue, county of the Bronx, was purchased with the joint funds of Patrick J. Dunn and Lena Dunn, his wife, and conveyed by the then owner to both as tenants by the entirety, by deed dated March 3, 1915, and recorded March 4, 1915. This conveyance, having been delivered prior to the taking effect of the amendment of 1916, was concededly not within section 220 of the Tax Law. With the accumulations of the income from this property and the joint contribution of cash, Patrick J. Dunn and his wife purchased premises known as No. 1330 Fulton avenue. The premises were conveyed by Charles Mau and his wife to Patrick J. Dunn and Lena Dunn, his wife, as tenants by the entirety, by deed dated February 6, 1919, and recorded February 7, 1919. With the accumulations of the income from both of these properties and joint contributions of cash, Patrick J. Dunn and his wife purchased the premises known as No. 2526 Grand Concourse in Bronx county. The premises were conveyed by the Glasko Realty Company to Patrick J. Dunn and Lena Dunn, his wife, as tenants by the entirety by deed dated February 10, 1920, and recorded on February 11, 1920. On these latter parcels there has been directed to be assessed a transfer tax upon the theory, as stated in the opinion of the surrogate (118 Misc. Rep. 426) and the statute, that on the death of Patrick J. Dunn it " shall be deemed a transfer taxable under the provisions of this chapter [Tax Law, art. 10, § 220, subd. 7, added by Laws of 1915, chap. 664, as amd. by Laws of 1916, chap. 323, and Laws of 1919, chap. 626]* in the same manner as though the whole property to which such transfer relates belonged absolutely to the deceased tenant by the entirety," less the widow's dower.

As has been heretofore stated, in fact nothing was transferred from the estate of Patrick J. Dunn to Lena Dunn in these properties upon his death. On the delivery of deeds the whole estate was transferred from the grantors to Patrick J. Dunn and Lena, his wife, in one single ownership by virtue of the marriage relation and the words " as tenants by the entirety " contained in the deeds. Upon his death his interest in the estate was extinguished and she became that single owner. Nothing passed to her from him. She took and had only that ownership that was transferred from the grantors to her on the delivery of the deeds.

Disguise it as you will, the tax in fact is a direct levy upon her property.

In my opinion, the Legislature has not the power to say that

---

* Since re-enacted by Laws of 1922, chap. 430.— [REP.

something that does not exist " shall be deemed " to exist, and tax the fictitious existence.

The Legislature would undoubtedly have power to abolish tenancy by the entirety and provide that on a conveyance to a husband and wife they shall take as tenants in common or as joint tenants. Then the transfer of the interest of the deceased tenant in the one-half undivided interest in the property passing by survivorship, gift or devise, would be a taxable transfer, but not so long as tenancy by the entirety is recognized and permitted, with well-known and established qualities, one of which is that nothing is transferred by the death of one, and that the survivor takes nothing by inheritance, succession, will or deed from the decedent. The Legislature cannot deem something to exist merely for the purpose of taxation. This is a direct levy of a tax upon the property and is, to the extent of the tax, a taking of the property without just compensation. (See U. S. Const. 14th Amendt. § 1; State Const. art. 1, § 6.)

The statute authorizes no deduction for the interest of the surviving tenant in the property, nor does it provide for the deduction of a dower interest if the survivor is the wife. Therefore, if this provision of the statute is constitutional, in my opinion, the tax should be assessed upon the value of the whole property without deduction. As the Court of Appeals said in *Matter of White (supra)*: " Wherein the Legislature is silent in the matter of the devolution of property, the courts cannot speak, and as it has spoken the courts must obey and enforce."

There can be no right of dower in the wife in property held by her husband and herself as tenants by the entirety, and because the Legislature has enacted a fiction, the courts cannot create another fiction to mitigate what may seem to us to be an unjust or unreasonable result of the application of the fiction in this particular case. While it may not be important, it may be noted that in enacting its fiction, and thus providing for the taxable devolution of the property, the Legislature has only used the word " bequeathed," which relates to the testamentary disposition of personalty, and not the word " devised," which would refer to such disposition of realty.

I, therefore, vote to reverse the order and remand the matter to the Surrogate's Court.

CLARKE, P. J., concurs.

Order affirmed, without costs.