In the Matter of the Estate of MARY A. RIKER, Deceased.

Surrogate's Court, New York County, May, 1923.

**Transfer tax — real estate held by joint tenants.**

Prior to the amendment of section 220(7) of the Tax Law by chapter 323 of the Laws of 1916, decedent and her daughter acquired real estate as joint tenants. *Held,* that a transfer tax on one-half of the value of the joint property at the time of the death of decedent was correct.

*Matter of McKelway,* 221 N. Y. 15, followed.

APPLICATION to modify order fixing transfer tax.

*George W. Ellis,* for executors.

*Charles A. Curtin,* for State Tax Commission.

FOLEY, S. The application to modify the order fixing the transfer tax herein is denied. The real estate was acquired by decedent and her daughter as joint tenants prior to the amendment of section 220, subdivision 7, of the Tax Law by chapter 323 of the Laws of 1916. The decedent died July 17, 1919. The tax was properly assessed on one-half the value of the joint property. The recent decisions of the Court of Appeals in *Matter of Lyon,* 233 N. Y. 208, and *Matter of Carnegie,* N. Y. L. J. May 2, 1923, affg. 203 App. Div. 91, applied only to tenancies by the entirety. The distinction between a tenancy by the entirety and a joint tenancy is fully explained in the opinions of the Court of Appeals in *Matter of Klatzl,* 216 N. Y. 83, and *Matter of Lyon, supra.* Those decisions held that the fee in the former class of titles was indivisible, was vested in both husband and wife at the time of acquisition, and that when acquired prior to the 1916 amendment, the transfer was wholly exempt if the death of one of the tenants occurred after that amendment. In the estate here involved, the decedent and her daughter were joint tenants, and under the decision in *Matter of McKelway,* 221 N. Y. 15, the order correctly taxed the value of the undivided half of the property owned by the decedent.

Submit order on notice accordingly.

Ordered accordingly.