In the Matter of the Estate of JOHN H. ARINK, Deceased.

Surrogate's Court, Suffolk County, April 17, 1933.

*Harry M. Peyser* [*Almon G. Rasquin* of counsel], for the State Tax Commission.

*Harry Paul Fishel,* for the executrix.

PELLETREAU, S.   On June 25, 1915, Ellen Burns conveyed to the decedent, John H. Arink, and Pauline Arink, his wife, as tenants by the entirety, a certain tract of land at Babylon, Suffolk county.   The decedent died February 5, 1932.   Said property, as appears by the papers, then had a value of $30,000.   The papers do not indicate whether the survivor, Pauline Arink aforesaid, did or did not contribute towards the purchase of said property. That question is not raised.

The said Pauline Arink is executrix of the will of said John H. Arink and as such contends that as said property was acquired prior to the enactment of chapter 548 of the Laws of 1916, no part of the value thereof is taxable in the decedent's estate and that article 10-C of the Tax Law, enacted in 1930, does not apply in fixing a tax upon this particular asset.

The State Tax Commission contends that regardless of the time of purchase, this parcel of land is taxable pursuant to the present provisions of said article 10-C of the Tax Law and that the value of the entire gross estate should be determined by the provisions of subdivision 5 of section 249-r of that article.   The issue is clear-cut.

I am of the opinion that the sole question here is the constitutionality of section 249-r of the Tax Law as applied to the situation in this case.   The State statute was copied from the Federal Estate Tax Act (U. S. Code, tit. 26, § 1094, subds. [e], [h]; U. S. Revenue Act of 1926, § 302, [e], [h]).

If the property held by the decedent and his wife as tenants by the entirety is held to be subject to the Federal estate tax it will be immaterial to the estate whether or not the State tax is imposed, because in such event the estate will be entitled to receive credit against the Federal tax for the tax imposed by the State (U. S. Code, tit. 26, § 1093; U. S. Revenue Act of 1926, § 301, [b]).   If the New York law is held to be unconstitutional and the Federal law is held to be constitutional, the estate will pay exactly the same amount of tax, but the Federal government will receive it all, whereas if both acts are constitutional, New York will receive eighty per cent of the total tax payable by the estate.

I have read the authorities submitted.   The strongest case sustaining the tax is *Third National Bank & Trust Co.* v. *White*

(45 F. [2d] 911). I am of the opinion, however, that the concise and logical decision in *Matter of Lyon* (233 N. Y. 208) is the better law and until reversed by the Court of Appeals to be binding upon me.

I am in accord with Surrogate WINGATE, who apparently takes the same view in a similar situation (See *Estate of Weiden*, 144 Misc. 854).

The aforementioned real estate is not taxable in this proceeding and a decree may enter accordingly.