In the Matter of the Appraisal, under the Estate Tax Law, of the Estate of ROBERT WEIDEN, Deceased. STATE TAX COMMISSION, Appellant; CHARLES R. WEIDEN and HERMANN J. WEIDEN, as Executors, etc., of ROBERT WEIDEN, Deceased, Respondents.— Order of the Surrogate's Court of Kings county dismissing appeal from *pro forma* order affirmed, with costs. Young, Kapper and Hagarty, JJ., concur; Davis, J., concurs, with the following memorandum: I concur solely on the authority of *Matter of Lyon* (233 N. Y. 208). If subsequent statutes and what has been said in the opinions of the United States Supreme Court in *Tyler* v. *United States* (281 U. S. 497) and later cases concerning the nature of tenancies by the entireties and the time of their vesting in whole or in part, throw new light on the subject and have laid the basis for a new doctrine in respect to the taxation of such estates, then it is a question not for this court but for the Court of Appeals to review and to reaffirm, distinguish or overrule the doctrine of the *Lyon* case. There is an apparent conflict of view on principle in the State and Federal courts; and in addition there are practical reasons for a re-examination of the subject of the validity of such a tax. The question of the legality of a tax based upon the consideration paid by the respective tenants, being secondary to the question of the primary validity of a tax on an estate of this nature, I have not considered. Carswell, J., dissents and votes for reversal, with the following memorandum: I dissent and vote to reverse on authority of *Tyler* v. *United States* (281 U. S. 497). The succession to the advantages specified in that case as accruing to the survivor upon the decease of the other tenant by the entirety as a consequence of that death gives rise to a basis for a tax as upon a transfer. Assuming the *Lyon* case to be otherwise in point, it concerns a different statute and a different tax base. There the entire value of the estate was taxed; here, only so much as was not contributed by the survivor is taxed as incidental to the rights passing upon the death. Under the *Lyon* case the former is invalid, but as to the latter this is not necessarily so, under the *Lyon* case. The language of the *Lyon* case is broader than the needs of the decision. In the *Lyon* case something that did not pass and which was owned by the survivor was subjected to tax. In the present case that which was not contributed by the survivor and certain rights which pass as a consequence of death of the other tenant are subjected to tax, and the right of succession therein may be subjected to tax as a transfer without colliding with that which was essential to the decision in the *Lyon* case. The two situations should, therefore, be distinguished and ruled upon accordingly. Failure to adopt the *Tyler* case rule in connection with a different tax base involved herein, and which can readily be justified on that basis, results to the undue disadvantage of New York State and the undue advantage of the Federal government, whose corresponding statute would have to be sustained under the *Tyler* case. If the new and narrower State statute be similarly sustained, the taxpayer will get a credit against the Federal tax of the amount paid to New York. This practical result can be readily achieved by confining the *Lyon* case to the facts and the particular statute involved therein. [144 Misc. 854; 146 id. 381.]

NICHOLAS JOHNSEN, Respondent, v. M. H. TREADWELL & COMPANY, Appellant. — Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ.