In the Matter of the Estate of EMMA R. MCALPIN, Deceased.

Surrogate's Court, New York County, January 14, 1938.

*Davis, Polk, Wardwell, Gardiner & Reed*, for the executors.

*Edgar Hirschberg* [*Mortimer M. Kassel* of counsel], for the State Tax Commission.

DELEHANTY, S. The State Tax Commission heretofore appealed from the order of this court dated September 1, 1937, which was entered on the report of the appraiser and which exempted the estate from estate tax. The State Tax Commission did not notice its own appeal for argument. The appeal was brought on by the estate representative. On the argument it was contended by the attorney for the State Tax Commission that *Matter of Rueff* (157 Misc. 680; affd., without opinion, 249 App. Div. 617; appeal dismissed, 273 N. Y. 530) had been overruled by *Matter of Lagergren* (276 id. 184) and that in consequence of the last cited decision

the estate was subject to a tax. The question presented is one of great importance to estate representatives and to the taxing authorities of the State.

It is necessary first to consider what actually was decided in *Matter of Lagergren*. If that case has in fact overruled *Matter of Rueff* this court must sustain the appeal. If the question is still open this court should dismiss the appeal and expedite final determination of the question in our appellate courts. *Matter of Lagergren* dealt with a state of facts which differed materially from the state of facts in *Matter of Rueff*. It is the viewpoint of this court that this difference on the facts makes the decision in *Matter of Lagergren* inapplicable to the facts here. It is conceded that the facts here are in principle the same as those presented in *Matter of Rueff*. Here it is unchallenged that the deductions commanded by the statute (Tax Law, § 249-s) when applied to the value of the property tangibly within this State leave a deficit. That was the case in *Matter of Rueff* and this court said in that case: " No tax can be assessed on a deficit." In *Matter of Lagergren* on the contrary the opinion of the court (p. 191) expressly says: " In the present case the estate (exclusive of intangibles) is $521,984.60 after all deductions are made." In other words, the facts in *Matter of Lagergren* were such that after the mandate of the statute as to deductions had been obeyed and after the intangibles had been excluded there was still a balance concededly subject to tax. The only question presented in *Matter of Lagergren* was whether or not the formula prescribed by section 249-p of the Tax Law could validly be applied to that concededly taxable balance. The Court of Appeals held that it could be so applied. In the course of the opinion in *Matter of Lagergren* (p. 190) the court said: " It follows that the statute before us must *here* be upheld as written and that the tax assessed by the original * * * order is payable to this State." (Emphasis supplied.) It seems to this court that in *Matter of Lagergren* the court expressly limited its decision to the precise facts then before it and that the use of the word " here, " which has been italicized by this court for the sake of emphasis, was intended to limit the ruling of the appellate court as to validity of the statute to a situation in which there was in all events a taxable balance and where the only question was one of *rate* of tax. Plainly there is a vast difference between *rate* of tax and *taxability*. The *Rueff* case said that there was no room for application of a *rate* when the exclusion of the intangibles resulted in a *deficit* and hence a *lack of taxability*.

It seems to this court that the memorandum in the *Rueff* case accompanying the dismissal of the appeal by the Court of Appeals

and the commentary on that dismissal found in *Matter of Lagergren* make it plain that the Court of Appeals has never passed upon the state of facts presented in the *Rueff* case and present here. In the memorandum decision in the *Rueff* case (273 N. Y. 530) the court said: " The case could have been, and was, decided upon the construction of a statute. (Civ. Prac. Act, § 588, subd. 1.) " The appeal had been taken as of right. Reference to subdivision 1 of section 588 of the Civil Practice Act discloses that an appeal could have been taken as of right from a decision of the Appellate Division (even though unanimous) if there was " directly involved " the construction of the Constitution of the State or of the United States. Commenting on its dismissal of the appeal in *Matter of Rueff*, the Court of Appeals said in *Matter of Lagergren* (p. 190): " This court found that such a question was not there directly involved." It seems, therefore, to be a wholly inadmissible argument to say that *Matter of Lagergren* has overruled *Matter of Rueff*. The court has expressly stated that it did not rule on the legal question involved in *Matter of Rueff* because it had no power to do so in the *Rueff* case. It could not have ruled on the question involved in *Matter of Rueff* when it decided the *Lagergren* case because the facts differ in the vital respect which raises the question here to be decided.

Proceeding from this concept of the decision in *Matter of Lagergren* this court restates its view already expressed in *Matter of Rueff* that the statutory direction respecting deductions is absolute. Deductions are not to be proportioned to the values of property inside and outside the State respectively. This court further holds, as in *Matter of Rueff*, that when a question of *taxability* is involved the value of the intangibles must be excluded since this State has no power to tax them. It is the view of this court that the Tax Law of this State can be construed and should be construed in the light of the mandate of the Constitution of the United States which limits the taxing power of this State. So construed the Tax Law does not impose a tax at all when after making the deductions directed by the Tax Law and excluding the intangibles there is a deficit. This is the same construction of the Tax Law which was made in the *Rueff* case. The Court of Appeals in dismissing the appeal in that case recognized that there had been a construction of the Tax Law in the *Rueff* case. It did not say whether the construction was valid or erroneous. It said merely that the Court of Appeals had no power to pass on the question in the state of the record in the *Rueff* case.

The validity of applying the Tax Law formula to an admittedly taxable balance is held by the Court of Appeals in *Matter of Lagergren* to have been established by *Great Atlantic & Pacific Tea Co.* v. *Grosjean* (301 U. S. 412). The United States Supreme Court at the

October, 1937, term in the case of *Worcester County Trust Company* v. *Riley* (302 U. S. 292; 82 L. Ed. 192) said in effect that there is always a question of construction in State statutes which impose death taxes. The court further remarked that: " This court has held that State statutes, construed to impose death taxes upon the intangibles of decedents domiciled elsewhere, infringe the Fourteenth Amendment, and it has accordingly reversed judgments of State courts enforcing such liability." In the course of its affirmance of the United States Circuit Court of Appeals, which had held that the action before the court was not maintainable, the Supreme Court also said in respect of statutes which threaten imposition of taxes unconstitutionally that " petitioner does not assert that there are such statutes * * * or that the court * * * have ever held or threatened to hold that their laws taxing inheritances apply to intangibles of those domiciled in other States." In the light of these excerpts it cannot be doubted that *Great Atlantic & Pacific Tea Co.* v. *Grosjean* is to be read as consistent with the reiterated exclusion of any power of the States to tax intangibles of a decedent domiciled elsewhere. Whether the law of New York now under consideration compels a construction which would contravene the Constitution is the question which this court must answer.

It is provided in article 10-A of the Tax Law (§ 248-a) that in the case of estates coming within the operation of article 10-A the deductions shall be prorated. There can be no doubt that such proration is valid. The deductions prescribed for estates which come under the operation of article 10-C of the Tax Law *are not prorated*. The directions as to deductions are mandatory in respect of such estates. When that mandate is obeyed and when the intangibles are excluded as required by decisions of the United States Supreme Court there is here left no balance of property to be taxed. It is argued by the protagonists for the point of view advanced by the State Tax Commission that the provisions of article 10-C found in sections 249-p and 249-s should be read together and that when so read they constitute the equivalent of the proration of deductions found in section 248-a of article 10-A. Perhaps the best exposition of the argument is to be found in the note in 45 Yale Law Journal (p. 930), headed: " State Estate Taxation of Non-resident Decedents." The writer of this note was obviously familiar with the New York law. He finds an approximately equal burden in the *Rueff* case whether the proration principle of article 10-A or the tax formula in article 10-C be used. The writer is candid, however, and admits that that result was reached in his consideration of the *Rueff* case only because of the particular amounts involved in the *Rueff* estate. He conceded that his argument of approximately equal burden

would not work when the tax reached the higher brackets. The case here for decision illustrates the magnitude of the difference in tax burden between the proration of deductions and the application of the formula in article 10-C. In this estate of McAlpin there is reported a total property inside and outside the State of $6,027,921.73. The property within the State and subject to its taxing power is $327,921.73 or .0544 per cent of the whole. The gross deductions are $840,514.64. If the percentage just ascertained is applied to this total of deductions there would be allocated to the New York property a sum of $45,723.99 as the maximum admissible deduction on the proration basis of section 248-a. If this prorated deduction is applied to the New York property there is left a balance of $282,197.74. Applying to this balance the tax at the new rates (which are applicable to this estate), we would find a tax of $4,965.93. Turning now to the formula under section 249-p we find that if the total deductions of $840,514.64 are applied to the total estate of $6,027,921.73 there will be left a net estate of $5,187,407.09. At the rates applicable to this estate, the tax on a resident's estate in that amount would be $517,611.06. The formula is to be applied to this total tax. The tax assessed under the formula on the New York property would amount to $28,158.04 — more than five and one-half times the tax burden imposed by the proration theory. This computation is presented only to show the invalidity of the argument that the formula is the equivalent of another and valid procedure.

The law can be construed as it was construed in *Matter of Rueff* to impose no tax where by reason of exclusion of the intangibles the entire estate within the taxing power of New York is less than the mandatory deductions under section 249-s. If the Tax Law be so construed it conforms to the limitations prescribed by the Supreme Court of the United States. This court is of opinion that it should be so construed.

Suggestion was made on the argument by the representative of the State Tax Commission that this court should sustain the appeal in any event since the State needs tax money. Little comment is required on this point of view. As was stated respecting a different tax law by HUBBS, J., in the recent case of *Howitt* v. *Street & Smith Publications, Inc.* (276 N. Y. 345): " if there is ambiguity it should be interpreted in favor of the taxpayer." No tax should be exacted from the citizen unless the right thereto is established. When the right is established the courts must and do enforce promptly the right of the sovereignty to the tax. The courts scrutinize the claim of right, however. An estate tax is a special and not a general tax. The laws imposing special taxes are to

be construed strictly against the government in favor of the taxpayer so that a citizen may not be subjected to special burden without clear warrant of law. (*Matter of McPherson*, 104 N. Y. 306, 317; *Matter of Enston*, 113 id. 174, 178; *Matter of Vassar*, 127 id. 1, 12; *Matter of Bronson*, 150 id. 1, 6, 7; *Matter of Harbeck*, 161 id. 211, 217; *Smith* v. *Browning*, 225 id. 358, 363; *Matter of Cohen*, 270 id. 383, 386.)

Entertaining the views expressed above, the court dismisses the appeal of the State Tax Commission and holds that the order exempting the estate from tax was right.

Submit, on notice, order accordingly.