## In the Matter of the Estate of JOHN LITTER, Deceased.

Surrogate's Court, Bronx County, July 28, 1939.

*Robert Williamson*, for the executor.

*Jerome M. Hirsch*, for the State Tax Commission.

HENDERSON, S. The State Tax Commission appeals from the order assessing the transfer tax herein on two grounds: (1) That the two estates by the entirety were not included in the taxable property; (2) that the computations of the life estate and the secondary life estate are erroneous.

The second ground has not been pressed and I find that the figures are correct. Whether or not the estates by the entirety are taxable, the testator could not, by his will, create life estates or trusts in realty so held. His widow owns the fee by virtue of the said deeds.

This ground of appeal is overruled and the order is affirmed in that respect.

The decedent died on January 2, 1923, survived by his wife. In September, 1882, they purchased two separate parcels of real estate, to which the deeds ran in their joint names as husband and wife. These estates by the entirety vested prior to the first statute in this State with regard to taxable transfers (Laws of 1885, chap. 483).

The State Tax Commission urges that the decision in *Matter of Lyon* (233 N. Y. 208) was overruled by *Matter of Weiden* (263 id. 107). I do not agree with its contention.

The decision in *Matter of Weiden* is limited by its own context to taxation under article 10-C of the Tax Law, known as the Estate

Tax Law, as evidenced by the statement *per curiam* therein that rules indicated in certain decisions of the United States Supreme Court would be applied " for the purpose of maintaining the uniformity of administration of the Tax Law (Cons. Laws, ch. 60) which the Legislature has sought to achieve." Thus the court expressly limited the applicability of its decision to the Estate Tax Law which it was then construing as a new statute which approximated the Federal Estate Law. (See *Matter of Cregan*, 275 N. Y. 337, 341.)

In this effort to approach uniformity in taxation of decedent's estates by the State and the Federal government, the Legislature has enacted article 10-C of the Tax Law, effective September 1, 1930, as to estates of persons dying on or after that date (Tax Law, §§ 249-n, 249-p). It was to this enactment that the above quoted portion of the *Weiden* opinion referred.

Article 10 of the Tax Law, known as the Transfer Tax Law, still controls the imposition of taxes upon transfers by persons dying prior to September 1, 1930. (Tax Law, § 249-mm.) That the Legislature did not intend to disturb in any way by the enactment of article 10-C, the force and effect of article 10, as construed by the courts, in respect to persons dying on or before August 31, 1930, was again expressed in the legislation which later amended section 249-mm. (Laws of 1935, chap. 499.)

Prior to 1930 there was no uniformity in the Federal and State laws relating to taxation of decedent's estates. Our new Estate Tax Law, however, was a great stride toward such uniformity. The distinction and difference between these laws and the theories upon which they were based have been dwelt upon in the decisions of various courts, and need no amplification here.

Article 10-C was the result of the Legislature's search for the greatest possible uniformity, and the *Weiden* decision was expressly founded upon such achievement.

In enacting the new Estate Tax Law, the Legislature expressly made its provisions retroactive as to estates by the entirety whenever created. (Tax Law, § 249-r, subds. 5, 10.) This retroactive feature of the new law is copied almost verbatim from the Federal statute, but was never incorporated in the provisions of article 10.

In 1922 our Court of Appeals definitely determined that estates by the entirety, created prior to the amendment of section 220 of the Tax Law in 1916, are not subject to any tax under the provisions of article 10 of the Tax Law. (*Matter of Lyon, supra.*) That authoritative construction of the Transfer Tax Law has not been modified or weakened by any statute or by any court. It remains the law of taxation today in so far as estates of persons dying prior to September 1, 1930, are concerned.

In the following year the *Lyon* decision was confirmed by the affirmance — unanimous as to the non-taxability under article 10 of an estate by the entirety created prior to 1916 — of an order of the Appellate Division in the First Department (*Matter of Carnegie*, 203 App. Div. 91, 97; affd., 236 N. Y. 517).

That estates by the entirety created prior to 1916 are not taxable under the provisions of article 10, was not questioned from 1922, when the *Lyon* case was decided, until after the *Weiden* decision in 1933, construing an entirely different statute of taxation. The latter decision itself makes no reference to the *Lyon* decision nor does it overrule such prior construction of a different statute by implication. To sustain the appeal would be to discriminate against the very few estates of decedents dying prior to September 1, 1930, which have not yet been concluded as to taxation of estates by the entirety created prior to 1916, in view of the great number thereof which have enjoyed immunity from such taxation under the statute as construed by the Court of Appeals in the *Lyon* case. Any ambiguity should be resolved in favor of the taxpayer who should not be subjected to special burden without clear warrant of law. (*Matter of McAlpin*, 166 Misc. 333, 337, 338.)

The questioned estates by the entirety are not taxable transfers under the provisions of article 10 of the Tax Law.

The first ground of appeal is overruled and the order is also affirmed in that respect.

Order assessing tax, affirmed.

Settle order.